# Richmond.

## POLLARD V. COMMONWEALTH.

### January 19, 1922.

### Absent, Saunders, J.

1. INTOXICATING LIQUORS—*State Prohibition Law not Superseded by the Eighteenth Amendment nor the Volstead Act.*—The State prohibition law has not been superseded by the eighteenth amendment of the Constitution of the United States, nor by the Volstead act.

2. INTOXICATING LIQUORS—*Indictment and Information—Validity of Omnibus Count in Indictment Permitted by Section 7 of the Prohibition Act.*—Section 7 of the prohibition act (Acts, 1918, p. 578, ch. 388), permitting a number of violations of the act to be charged in a single count in the manner prescribed by that section, is valid.

3. INTOXICATING LIQUORS—*Transportation of Spirits into the State.*—So much of section 39 of the prohibition act as forbids the simple importation of ardent spirits into the State from a point without the State is not nullified by the eighteenth amendment of the Constitution of the United States, which forbids the transportation of intoxicating liquors for beverage purposes.

4. INTOXICATING LIQUORS — *Eighteenth Amendment—Object.*—The object of the eighteenth amendment was not to curtail the powers of Congress but to confer upon Congress powers which it did not theretofore possess; nor was it the intention of the amendment to take away the police powers of the State over the subject of intoxicating liquor.

5. INTOXICATING LIQUORS — *Transportation—Power of Congress— Webb-Kenyon Act.*—The Webb-Kenyon act (37 U. S. Stat. at L. 699 [U. S. Comp. St., sec. 8739]), which prohibited absolutely and entirely the transportation of ardent spirits into another State from a point without the State in violation of any law of said State, was enacted in aid of State statutes on prohibition, and enabled such States to absolutely prohibit the bringing into the State of intoxicating liquors for use therein, and was a valid enactment, and is not in conflict with either the eighteenth amendment or the Volstead act, and is still in force.

6. INTOXICATING LIQUORS—*Transportation—Power of Congress—*
   *Webb-Kenyon Act—Eighteenth Amendment and Volstead Act.*
   —The power of Congress to regulate or to prohibit the trans-
   portation of intoxicating liquors in interstate commerce was
   fully covered by the commerce clause of the Constitution, and
   that power was not taken away or curtailed by the eighteenth
   amendment, and so much of the Webb-Kenyon act as was not
   in conflict with the Volstead act is still kept in force by section
   35 of the Volstead act (41 Stat. at L., 317).

Error to a judgment of the Corporation Court of the
city of Norfolk.

*Affirmed.*

The opinion states the case.

*N. T. Green,* for the plaintiff in error.

*John R. Saunders, Attorney General; J. D. Hank, Jr.,
Assistant Attorney General,* and *Leon M. Bazile, Second
Assistant Attorney General,* for the Commonwealth.

BURKS, J., delivered the opinion of the court.

The plaintiff in error, hereinafter called the defendant,
was indicted for a violation of the prohibition act (Acts
1918, p. 578, Ch. 388). The first count is in the form pre-
scribed by section 7 of the act, usually called the omnibus
count. The second charges an unlawful transportation of
ardent spirits from one point in the State to another point
in the State, and the third count charges an unlawful bring-
ing of ardent spirits into the State from a point without the
State. The defendant demurred to the indictment and to
each count thereof. The demurrer was overruled. There-
upon the defendant was put upon his trial upon the merits
and found guilty.

The only error assigned is the judgment of the trial court
overruling the demurrer. The grounds of demurrer were as
follows:

37

"1. The eighteenth amendment of the Constitution of the United States has entirely annulled and superseded the State law and statute under which this indictment purports to be found.

"The act of Congress commonly known as the Volstead act is the only statute now existing in this jurisdiction under which such a prosecution as this against this defendant can now be had and said Volstead act has superseded the provisions of the State law under which this indictment is found relative to the charges made in said indictment against this defendant.

"3. The only power the State of Virginia has now relative to intoxicating liquors is derived from the eighteenth amendment of the Constitution of the United States and the State can enact no law or make anything relative to intoxicating liquors an offense which cannot be an offense under said eighteenth amendment and the indictment in this case attempts to make the simple transportation of intoxicating liquors a criminal offense when only transportation for beverage purposes can be made an offense.

"4. The said indictment and each count thereof does not inform the defendant of the nature and causes of the charges against him and is therefore in conflict with the fourteenth amendment of the Constitution of the United States declaring that no person can be deprived of his liberty without due process of law."

[1, 2] The first two assignments of error were fully considered by this court and overruled in *Allen* v. *Commonwealth,* 129 Va. 723, 105 S. E. 589, and need not be further noticed. The fourth assignment of error calls in question the validity of section 7 of the act permitting a number of violations of the act to be charged in a single count in the manner prescribed by that section. This assignment was fully considered by a full bench in *Pine* v. *Commonwealth,* 121 Va. 812, 93 S. E. 652, and a unanimous conclusion reached up-

holding the validity of that section of the act. The case has been repeatedly cited with approval since the decision was made, and we see no reason to change the conclusion then reached.

[3] The third ground of demurrer is founded on the third count of the indictment which charged the defendant with transportation of ardent spirits into this State for use in this State from a point without the State. This ground of demurrer calls in question the validity of so much of section 39 of the prohibition act as forbids the importation of ardent spirits into the State from a point without the State on the ground that the section is nullified by the eighteenth amendment of the Constitution of the United States. This amendment, so far as need be recited, is as follows:

"Section 1.  After one year from the ratification of this article, the manufacture, sale, or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States and all the territory subject to the jurisdiction thereof for beverage purposes is hereby prohibited."

"Section 2.  The Congress and the several States shall have concurrent power to enforce this article by appropriate legislation."

It is argued that since the adoption of the eighteenth amendment "the only power now possessed by Congress or by the several States under this amendment is to enact appropriate legislation to prevent the transportation, for *beverage purposes,* of intoxicating liquors into a State. Congress cannot and the several States cannot prevent its transportation *for any other purpose.* Such laws which abssolutely prohibit *all* transportation of ardent spirits in their borders and which were valid by reason of the Webb-Kenyon act, necessarily became, upon the adoption of the eighteenth amendment, invalid and of no force. Only such laws as forbid the transportation for beverage purposes of ardent spirits into their territory remain valid. Congress

cannot now enact any law forbidding the transportation of liquor for any other purposes than for beverage purposes."

· [4-6] Such is not the proper interpretation of the eighteenth amendment. The object of the amendment was not to curtail the powers of Congress, but to confer upon Congress powers which it did not theretofore possess; nor, as pointed out in the *Allen Case, supra,* was it the intention of the amendment to take away the police powers of the State over the subject of intoxicating liquor. So far as Congress was concerned the amendment was a grant of power and not a restriction or curtailment of existing powers. Prior to the amendment, Congress had full power under the commerce clause to regulate or prohibit the transportation of intoxicating liquors in interstate commerce. This power it exercised by the Webb-Kenyon act which prohibited absolutely and entirely the transportation of ardent spirits into any State from a point without that State in violation of any law of said State (37 U. S. Sta. at L. 699 [U. S. Comp. St. §8739]), and the validity of this enactment was upheld in *James Clark Distilling Co.* v. *Western Maryland Railway Co.,* 242 U. S. 311, 37 Sup. Ct. 180, 61 Law Ed. 326, L. R. A. 1917B, 1218, Ann. Cas. 1917B, 845. This statute was enacted in aid of State statutes on prohibition and enabled such States to absolutely prohibit the bringing into the State of intoxicating liquors for use therein. The power of Congress to regulate or to prohibit the transportation of intoxicating liquors in interstate commerce was fully covered by the commerce clause of the Constitution, and that power was not taken away or curtailed by the eighteenth amendment. There is nothing in that amendment which takes away from Congress the power to enact any statute deemed necessary to make prohibition effective, nor to prohibit the States from enacting such laws · as may be necessary for the same purpose, provided only; that the State laws do not affect offenses against the United

States created by act of Congress. The tenth amendment of the United States Constitution expressly provides that "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." So much of the Webb-Kenyon act as is not in conflict with the Volstead act is still kept in force by section 35 of the Volstead act (41 Stat. 317) declaring that "all provisions of law that are inconsistent with this act are repealed only to the extent of such inconsistency and the regulations herein provided for the manufacture or traffic in intoxicating liquors shall be construed as an addition to the existing laws." Under the Webb-Kenyon act, the State had ample power to prevent the importation of intoxicating liquor from without its borders. *Taylor's Case,* 117 Va. 909, 85 S. E. 499. This provision of that act is still in force, and consequently may still be taken advantage of by the State. Section 39 of the prohibition act of this State is not in conflict with either the eighteenth amendment or the Volstead act and is still in force. The demurrer, therefore, to the third count of the indictment was properly overruled.

For the reasons stated the judgment of the trial court must be affirmed.

*Affirmed.*