# Richmond.

## MILLER v. COMMONWEALTH.

### January 18, 1923.

1. INTOXICATING LIQUORS—*Prohibition Act—Transportation Not For Sale.*— Under the prohibition act the transportation of liquor although not for sale is illegal.

2. INTOXICATING LIQUORS—*Prohibition Act—Transportation—Transportation by Automobile—Case at Bar.*—In the instant case it was contended that the transportation of liquor by automobile was punishable by section 57 of the prohibition act (Laws 1918, chapter 388) and not by section 3, and that the transportation of liquor from without the State to a point within the State was punishable by section 39 of the act and not by section 3; and hence that the omnibus indictment provided by section 7 of the act, and which was the form adopted in the instant case, was not applicable to such transportations.

   *Held:* That section 3 of the act applies to every form of transportation within the State not authorized by the statute, regardless of the method of transportation or the origin of the journey.

3. INTOXICATING LIQUORS—*Prohibition. Act—Eighteenth Amendment and Volstead Act.*—The eighteenth amendment to the Constitution of the United States and the act of Congress known as the Volstead act (41 Stat. at L. 305) did not annul and supersede the prohibition law of the State.

4. INTOXICATING LIQUORS—*Transportation—Evidence Held to Support a Conviction for Transportation.*—In the instant case the defendant and another testified that they bought a keg of liquor in North Carolina; that they bought the whiskey for their personal use and not for sale; that they were bringing it for such purpose from the State of North Carolina to their homes in Norfolk and were passing through Norfolk county at the time of their arrest; that they had made no stop since getting the whiskey in North Carolina and had no intention of stopping until they had reached their homes, and that theirs was one continuous trip without stopping until they were arrested by the officers.

   *Held:* That under this testimony no other verdict than that of guilty could have been rightly found.

Error to a judgment of the Circuit Court of Norfolk county.

*Affirmed.*

The opinion states the case.

*N. T. Green* and *Elliott & Elliott,* for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

BURKS, J., delivered the opinion of the court.

[1, 2] The defendant was convicted of violating the prohibition law and sentenced to confinement in jail for one month and to pay a fine of $250. The only error assigned was the refusal of the trial court to give four instructions tendered by the defendant. These instructions involved several theories, one that the transportation was not illegal unless it was for sale. We held otherwise in *Snarr* v. *Commonwealth,* 131 Va. 814, 109 S. E. 590. Another was that transportation by automobile was punishable by section 57 of the prohibition act (Laws 1918, c. 388) and not by section 3, and that transporting whiskey from without the State to a point within the State was punishable by section 39 of the act and not by section 3; and hence the omnibus indictment provided by section 7 of the act, and which was the form adopted in this case, was not applicable to such transportations. Section 3 of the act applies to every form of transportation within the State not authorized by the statute, regardless of the method of transportation or the origin of the journey.

[3] Another theory presented by demurrer as well as

by the instructions was that the eighteenth amendment and the act of Congress known as the Volstead act (41 Stat. 305) annulled and superseded the prohibition law of the State. We held otherwise in *Allen* v. *Commonwealth*, 129 Va. 723, 105 S. E. 589, and *Pollard* v. *Commonwealth*, 132 Va. 576, 110 S. E. 354.

[4] The testimony of the defendant and of a man who was with him was that they bought a keg of whiskey from a negro in North Carolina; that they had bought the whiskey for their personal use and not for sale; that they were bringing it at the time for such purpose from the State of North Carolina to their homes in Norfolk city and were passing through Norfolk county at the time of their arrest to their homes in Norfolk city; that they had made no stop after they had purchased the whiskey in North Carolina and had no intention of stopping until they had reached their homes in Norfolk city; that this was one continuous trip without stopping until they were arrested by the officers. Upon this testimony no other verdict could have been rightly found than the one that was found.

The judgment of the trial court is plainly right and will be affirmed.

*Affirmed.*