NOVOTNY and another, Plaintiffs in error, vs. THE STATE, Defendant in error.

*November 17—December 11, 1923.*

*Intoxicating liquors: Destruction during search: Transportation: What constitutes.*

1. Where a police officer went to certain premises to make a search for intoxicating liquors, but, on failing to gain admission, did not serve the search warrant he had with him,

but went away in search of a superior officer for further instructions, and during his absence the defendant destroyed liquor and mash which were upon the premises, there was no destruction while the premises were being searched by police officers as contemplated by sub. (19), sec. 1543, Stats 1921. p. 307.

2. The act of a defendant who assisted in carrying a keg of intoxicating liquor from the cellar of one house across a driveway to a woodshed of another constituted "transportation" within the meaning of sub. (3), sec. 1543, Stats. 1921, it being necessary under sub. (33) to liberally construe the statute to the end that the use of intoxicating liquors as a beverage be prevented. p. 308.

APPEAL from a judgment of the municipal court of the city of Oshkosh, Winnebago county: A. H. Goss, Judge. *Reversed as to one defendant; affirmed as to the other.*

The offenses with which the plaintiffs in error (hereinafter called the defendants) were charged arose out of the following circumstances: On the 10th day of January, 1923, an officer with a search warrant came to the premises of Frank Kinderman in the city of Oshkosh for the purpose of making a search thereof to discover whether or not intoxicating liquors were being unlawfully manufactured upon the premises. The officer knocked on the door of the Kinderman residence but did not gain admission. He left the premises and went in search of a superior officer for further directions. The wife of Frank Kinderman, supposing that the officer came there for the purpose of making a search, called the defendant *Novotny* on the telephone and asked for advice. She was told by *Novotny* that he and *Thoma* were coming and to watch out for them at the back door, which she did. There were upon the Kinderman premises at the time eight barrels of mash, a still, a keg of moonshine, coloring matter, sugar, and other materials used in making moonshine. *Thoma, Novotny,* and Matt Kinderman, a brother of Frank, proceeded to dump the eight barrels of mash into the sewer and they then removed from the premises of Frank Kinderman a keg of moonshine whisky, taking

it from the basement of the Kinderman home out of doors, across the driveway between the Kinderman home and the Hoffman home, and placed the keg in the woodshed in the rear of the Hoffman home. In addition to that, they removed the still with coils, tubes, and other paraphernalia from the Kinderman cellar to the Hoffman home. The officers returned, and upon their return they were met by the defendants at the door of the Frank Kinderman home. The officers found in the Kinderman home the steaming barrels, sugar, coloring matter, an old still, and a small amount of mash apparently spilled in the dumping process. At the Hoffman home they found the keg of moonshine whisky, a larger and better still, together with tubes, coils, and paraphernalia used in making moonshine. The moonshine was tested chemically and contained 47.13 per cent. of alcohol by volume.

The defendants were charged by the information in separate counts with two offenses: the first, with unlawfully secreting and destroying certain fluids on premises being searched for the purpose of preventing the seizure of such fluid by peace officers, contrary to the provisions of sub. (19), sec. 1543, Stats.; the second count charged them with unlawfully transporting intoxicating liquor in violation of sub. (3), sec. 1543. The defendant *Thoma* was found guilty of the offense of destroying fluids on premises being searched and was acquitted on the other count. The defendant *Novotny* was found guilty of the offense of transporting intoxicating liquors in violation of sub. (3), sec. 1543, and was acquitted as to the other count. The third count related to a prior conviction of the defendant *Thoma,* and in the view we take of the case is immaterial.

From the judgment entered on the verdict both defendants appeal.

The cause was submitted for the plaintiffs in error on the brief of *Barber & Keefe* of Oshkosh, and for the defendant in error on that of the *Attorney General, J. E. Messer-*

*schmidt,* assistant attorney general, and *D. K. Allen,* district attorney of Winnebago county.

ROSENBERRY, J.   On the appeal of the defendant *Thoma* the sole question is, Did *Thoma* destroy mash while the premises were being searched by the police officers?   As is set out in the statement of facts, the destruction of the fluids in question took place in the absence of the police officer.   No search was begun.   No service of the search warrant had been made.   No one in fact knew that the police officer who came to the door of the Frank Kinderman home had a search warrant.   Under the facts disclosed by the testimony of the police officers, they might or might not have returned to the premises for a search.   It appears, therefore, that the defendant *Thoma* did not destroy any fluids upon the premises in question while it was being searched.   His conduct in no way answers the calls of the statute, and while it may be reprehensible it cannot be punished under the statute in question.

The defendant *Novotny* was convicted of transporting intoxicating liquor under sub. (3), sec. 1543, Stats., which provides:

"After this act becomes operative, the manufacture, sale or transportation of intoxicating liquors, as herein defined, within, the importation thereof into, or the exportation thereof from the state of Wisconsin, except as may be herein or hereafter provided, is hereby prohibited."

It is undisputed that the defendant *Novotny* assisted in carrying the keg of moonshine, which was intoxicating liquor, from the cellar of the Kinderman home across the driveway to the Hoffman place next door and leaving it there in the woodshed.   The premises consisted of adjoining lots with a driveway between.   Do these acts constitute "transportation" within the meaning of this section?   That this act would not in modern popular thought be conceived of as transportation may be admitted.   The question is,

however, What did the legislature mean by the use of this word in sub. (3)? Etymologically, the meaning of the word exactly describes the act performed by the defendant *Novotny*. Taking into consideration the purpose of the legislature in the enactment of this statute, we have no doubt that it includes within its meaning an act such as that performed by the defendant *Novotny*. The act "shall be liberally construed to the end that the use of intoxicating liquors as a beverage be prevented." Sub. (33). *Novotny* carried the intoxicating liquor from the premises of one person to and left it upon the premises of another. If this is not transportation, could it be said that it would be transportation to take it upon the premises of a second, third, fourth, or hundredth neighbor? It is argued on behalf of the defendant *Novotny* that he merely moved it about and handled it and did not transport it within the meaning of the statute. Without attempting to define the meaning of the word, we are of the opinion that the word "transportation" as used in sub. (3) includes an act whereby a person takes from the premises of one intoxicating liquor and carries it upon and leaves it upon the premises of another, whether or not it is for purposes of sale. Transportation for any purpose is forbidden by the section.

Reference is made to the following cases, which bear upon the question: *Cunard S. S. Co. Ltd. v. Mellon,* 284 Fed. 890; *Sager v. Comm.* 134 Va. 732, 114 S. E. 590; *McNeil v. State,* 93 Tex. Crim. Rep. 259, 247 S. W. 536; *Miller v. Comm.* 135 Va. 597, 115 S. E. 512; *Steinwach v. Comm.* 197 Ky. 262, 246 S. W. 795.

*By the Court.*—Judgment as to the defendant *Thoma* is reversed, with directions to discharge the defendant. Judgment against the defendant *Novotny* is affirmed.