PITKUNAS, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 19—February 12, 1924.*

*Intoxicating liquors: Destruction of fluids: Dropping bottle and contents in pail of water: Evidence: Sufficiency.*

1. In a prosecution under sub. (19), sec. 1543, Stats., for destroying fluids while premises were being searched for intoxicating liquors, evidence that immediately upon the entrance of two uniformed police officers into the place of business where defendant was employed, but before a search warrant had been produced or read or its possession announced, the defendant dropped a pop bottle and tumbler then on the counter into a pail of water, which pail contained on analysis eight per cent. of alcohol by volume, was sufficient to sustain a conviction, such act constituting a "destroying" of the fluids.    p. 92.

2. Evidence that upon the prompt removal of the bottle and glass from the pail there could be detected upon each the smell of intoxicating liquor is sufficient to permit the jury to believe that there were fluids in the glass and bottle prior to their being poured into the pail.    p. 92.

ERROR to review a judgment of the municipal court of Racine county: E. R. BURGESS, Judge. *Affirmed.*

The defendant under the first count was charged with having destroyed certain fluids on premises in said county, the said premises then and there being searched, and the fluid being then and there destroyed for the purpose of preventing seizure thereof by a peace officer.

A second count charged a prior conviction under the same chapter and such conviction was admitted.

The facts are as follows: Defendant was in the employ and on the premises of a licensed dealer in non-intoxicating beverages. At the time in question he was standing behind the bar or counter, and six officers, including two in police uniform, entered having with them a search warrant in proper form authorizing a search. Immediately upon such entrance but before the search warrant had been produced

or read or its possession announced, a pop bottle and a tumbler then on the bar or counter were dropped by or from the hands of said defendant into a pail of water standing near by. This pail of water was for the purpose of rinsing the used glasses. The pail, its contents, the bottle, and glass were taken by the police. The contents of the pail had eight per cent. alcohol by volume.

From the judgment and sentence of fine and imprisonment upon the verdict, and after denial of defendant's motions, he has sued out this writ of error.

*Leonard P. Baumblatt* of Racine, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *J. Allan Simpson,* assistant district attorney of Racine county; and the cause was argued orally by *Robert M. Rieser,* deputy attorney general.

ESCHWEILER, J.   Plaintiff in error contends that inasmuch as his conviction must be sustained, if at all, upon the dropping of the bottle and glass into the pail of water, and that such physical act being performed before the production of the search warrant or any announcement made by the officers of their possession of such or of their intention to make a search, that this was not sufficient to warrant a conclusion by the jury, necessary for conviction, that such act was being done during a search of the premises.

As to this we are satisfied that under the facts the jury had warrant for believing that the defendant knew that the officers were there for that purpose and in believing that though momentarily prior to the announcement of the purpose of the peace officers, defendant's acts were but anticipatory and induced by reason of the well founded belief that such was their purpose. The facts here are substantially different from those presented in *Novotny v. State,* 182 Wis. 304, 196 N. W. 232, cited.

Again, it is contended that, conceding their presence, there was no such destroying of the fluids in the bottle and glass as meets the call of the statute reading:

Section 1543 (19). "It shall be unlawful for any person to secrete or destroy any fluids on premises being searched for the purpose of preventing the seizure of such fluids by the commissioner, or any peace officer."

The argument on this point is in substance that the contents, if any, of the glass and bottle were in no sense destroyed but merely transferred from the glass and bottle resting on the bar into the pail of water. That this amounts to no more than a mere change in the geographical position of the fluids. That they could as well be seized by the officers while mingled with the water in the pail as when standing in the glass and bottle on the bar. That they were not destroyed and remained on the premises.

However well such view may be supported in theory and by immutable logic as to the indestructibility of matter, we cannot deem it proper in the practical application of such a statute. The change that was here made, conceding the presence, of fluids in glass and bottle, from their comparatively isolated position as they stood before, and their subsequent immersion in the pail of water, was for practical purposes well within any reasonable definition that should be accorded the word "destroy" as here used.

Lastly, it is contended that there was no proof that there were any fluids in either glass or bottle prior to their plunge into the pail and that therefore there was no proof of what might be called the *corpus delicti*.

The defendant and his witnesses testified that the bottle and glass were each emptied of their previous contents prior to the arrival of the officers. Two officers who forthwith with their entry saw the articles standing on the bar testified that they could see no liquids in them. They however do testify that upon prompt removal from the pail of the bottle and glass there was detected upon each the smell of intoxicating liquor. Such proof, it is urged, is insufficient, for

it might well be that such odor arose by reason of immersion in the alcoholic contents of the pail and that the state has not proven pristine purity in the pail.

No proof, however, was offered by defendant tending to show that the odor of intoxicating contents could not remain with such glassware after submersion, and we cannot take judicial notice that there is any such impossibility.

The jury may well have believed that there was truth as well as poetry in that charming gem of the Irish poet, Thomas Moore, in his Farewell Ode to Byron:

"You may break, you may shatter the vase, if you will,
    But the scent of the roses will hang round it still."

The corollary easily follows that roses have no monopoly on clinging, persisting scents.

Be the method what it may, we cannot disturb the result. *By the Court.*—Judgment affirmed.