Lehrer v. State, 183 Wis. 339.


LEHRER, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 16—March 11, 1924.*

Intoxicating liquors: Search warrants: How executed: Destruction of evidence.

1. Where evidence alleged to have been obtained as a result of an unlawful search was received without objection by the defendant, it was not properly reserved for consideration on appeal, although a motion to strike was made at the close of the state's case. p. 340.
2. No formal statement as to the contents of a search warrant is necessary to its execution, as it is executed by making a search of the premises. ˙p. 341.
3. Evidence that when officers searched defendant's premises under a search warrant defendant was found in the act of pouring liquid from a bottle into a sink, which liquid, when recovered from the trap in the sink and from the bottle, proved to be in part "moonshine," justified conviction of unlawfully secreting and destroying fluids on premises being searched. p. 341.

ERROR to review a judgment of the county court of Chippewa county: T. J. CONNOR, Judge. *Affirmed.*

Plaintiff in error, hereinafter called the defendant, was convicted upon two counts: (1) for unlawfully possessing privately manufactured distilled liquors; and (2) for having unlawfully secreted and destroyed fluids on premises being searched for the purpose of preventing the seizure of such fluids by a peace officer. It appears that officers armed with a search warrant entered the premises of the defendant, who had no license for the sale of non-intoxicating liquors. There was a room in the basement which was used as a soft-drink parlor. Upon the entrance of the officers into this room defendant's wife immediately started upstairs into the kitchen, followed by the officers. Upon their arrival there the officers discovered defendant in the act of pouring liquid into a sink. The officer picked up the bottle which at the moment was lying in the sink, when *Lehrer* seized it, threw

it again into the sink, breaking off the neck of the bottle. A small amount of liquid remained in the bottle, and after some further proceedings the officers returned to the kitchen and removed the contents from the trap. From an examination it appears that the liquid removed from the bottle and that removed from the trap were composed in part of moonshine, so-called. There was a jury trial, the defendant was found guilty, and from the judgment upon the verdict the defendant appeals.

*J. E. Pannier* of Chippewa Falls, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *Harold E. Stafford,* district attorney of Chippewa county, and oral argument by *Mr. Stafford* and *Mr. Messerschmidt.*

ROSENBERRY, J. The principal contentions made herein are (1st) that there was no competent evidence in the record showing that the liquor received in evidence was fit for beverage purposes; (2d) that possession of the liquid was obtained by unlawful means and therefore it was not properly before the jury; and (3d) that no search had been instituted and therefore defendant could not be convicted upon the second count of destroying fluids upon premises being searched. It is also contended that the search warrant was unlawfully issued and that evidence as to the liquids seized was improperly received. However, the evidence came in without objection on the part of the defendant and we do not consider it properly reserved for consideration here, although a motion was made to strike at the close of the state's case.

There was offered and received in evidence by stipulation a letter from a chemist describing the fluid remaining in the bottle as well as that which was taken from the trap, from which it satisfactorily appears that the liquid which the defendant was attempting to destroy was suitable for beverage

purposes.   The officers had a warrant and were lawfully upon the premises. . While no attempt was made nor opportunity given for a formal statement as to the contents of the warrant, no ceremony of that character is necessary to the execution of the warrant.   24 Ruling Case Law, 704.   A search warrant is executed by making a search of the premises.   Both the defendant and his wife acted upon the assumption that the officers were there pursuant to law.   The evidence also fully justifies conviction upon the second count.   The conduct of the defendant can be accounted for ·upon no other assumption than that he knew that the officers of the law were present upon the premises for the purpose of conducting a search.   His efforts to make the search fruitless by destroying the fluids then in his possession, clearly bring him within the terms of the statute, which forbids the destruction of such material while the premises are being searched.

The propositions involved in this case have been so recently and elaborately considered by this court that we deem further discussion unnecessary.   See *Novotny v. State,* 182 Wis. 304, 196 N. W. 232; *Pitkunas v. State, ante,* p. 90, 197 N. W. 191.

*By the Court.*—The judgment of·the county court is affirmed.