HILLER, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 12—June 21, 1926.*

*Intoxicating liquors: Unlawful possession: Sufficiency of count: Search warrant: Procedure to obtain: Evidence supplementing written record: Delay in execution of warrant: Entry into building by force: Possession of warrant: Negative averments: Defensive matter: Destroying fluids during search.*

1. A count in an information that the accused did unlawfully have in his possession unlawfully manufactured intoxicating liquors charged the accused with unlawfully having in his possession privately distilled intoxicating liquor, as unlawfully manufactured intoxicating liquor does not include malt or vinous liquors, and could be nothing but liquor distilled without a permit. (*Endish v. State,* 188 Wis. 259.) ·p. 372.
2. The possession without a permit of privately manufactured distilled liquor is an offense wherever committed. p. 374.
3. Where a justice of the peace and the district attorney agreed that not all of the district attorney's statement, given as a basis for a search warrant, was reduced to writing, and neither contradicted the record made, the court correctly allowed them to supplement the record. p. 374.
4. A search warrant issued on the morning of August 26th and executed at 6 o'clock p. m. on August 29th was not invalid, there being no unreasonable delay, and it not appearing that the warrant was held back as a menace to the accused. p. 375.
5. Where an officer, approaching to search a dwelling, saw the wife of the accused disappear from the door, leaving it fastened, and the officer pulled off a hook from the screen door and entered, he was justified in using such force without asking permission to enter. pp. 375, 376.

6. A search warrant in the sheriff's coat on the premises a few feet from the house being searched by him was sufficiently in his possession, and was ample authority for the search. p. 376.

7. Under sub. (32) (d), sec. 165.01, Stats., the State need not prove that the accused had no permit to manufacture or possess alcohol or that it was not in his possession for sacramental or non-beverage purposes. p. 376.

8. In a prosecution under sub. (19), sec. 165.01, Stats., for secreting or destroying fluids on premises being searched to prevent seizure by a peace officer, the evidence is *held* sufficient to support a conviction. p. 378.

ERROR to review a judgment of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

*J. Wilfred Frenz,* attorney, and *Frank R. Bentley,* of counsel, both of Baraboo, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

The following opinion was filed April 6, 1926:

ROSENBERRY, J. The plaintiff in error (hereinafter designated the defendant) was convicted upon the third and fourth counts of the information, which were as follows:

"And as and for a third count to this information . . . that the said defendant, *Earl Hiller,* did on the 29th day of August, 1925, at the town of Delton, Sauk county, Wisconsin, unlawfully have in his possession unlawfully manufactured intoxicating liquors. That the said liquors were then and there possessed for beverage and not for non-beverage or sacramental purposes and were then and there possessed without any permit of any kind whatsoever and that said liquors did then and there contain more than one half of one per cent. of alcohol by volume..

"And as for a fourth count to this information . . . the said defendant, *Earl Hiller,* did at the town of Delton, Sauk county, Wisconsin, on the 29th day of August, 1925, at a time when the sheriff of Sauk county came with a search warrant to his premises to search the same for intoxicating

liquors and at a time when the sheriff of Sauk county was attempting to enter the dwelling upon said premises and make search, secrete and destroy fluids. That the said fluids so secreted and destroyed were the said intoxicating liquors described in the third count of this information and that said fluids were then and there destroyed and secreted by the said defendant for the purpose of preventing the seizure of the same by the sheriff of Sauk county."

The defendant was sentenced to sixty days in the house of correction at Milwaukee and brings error to review the judgment. The following errors are assigned:

"I. The court erred in refusing to grant defendant's motion to quash the third count of the information.

"II. The search warrant was improperly issued by the justice because there was no showing of probable cause to believe that the dwelling of the defendant was being used as a place of sale, or a place for the unlawful possession for sale of liquor or place for manufacture of liquor for sale.

"III. The search warrant was invalid at the time of its attempted execution by the officers for the reason that it was not served promptly after its issuance by the justice.

"IV. The search warrant was invalid for the reason that it was issued before the alleged offense had been committed.

"V. The search conducted by the officers was unlawful for the reason that they broke and entered the dwelling of the defendant without first being denied permission to enter.

"VI. The search conducted by the officers was unlawful for the reason that at the time they broke and entered the dwelling of the defendant they did not have in their physical possession the search warrant.

"VII. There is no proof in the case that the alcohol taken in the raid of August 29th was 'unlawfully manufactured intoxicating liquors' as alleged in the information.

"VIII. There is no proof in the case 'that the said liquors were then and there possessed for beverage and not nonbeverage or sacramental purposes and were then and there possessed without any permit of any kind whatsoever' as alleged in the information.

"IX. There is no proof in the case that the defendant did secrete or destroy fluids on premises 'being searched.'"

(1st) The third count charges that the defendant did "unlawfully have in his possession unlawfully manufactured intoxicating liquors." It is claimed that this language is insufficient to charge any offense under the Severson act. It certainly cannot be commended as a model pleading. It attempts to charge an offense under sub. (32) (d) of sec. 165.01, Stats. of 1925. The prohibition contained in that section so far as relevant is as follows:

"The possession of any mash from which distilled liquor is customarily made, or the possession of any privately manufactured distilled liquors without such permit is hereby prohibited."

Under this section it is held that the possession of malt or vinous liquors does not constitute an offense. *Endish v. State,* 188 Wis. 259, 205 N. W. 822.

Unlawfully manufactured intoxicating liquor could therefore not include malt or vinous liquors and could refer only to distilled liquors. Unlawfully manufactured intoxicating liquor could be nothing but liquor distilled without a permit and therefore liquor privately distilled. If it were manufactured under government permit it would not be unlawfully manufactured. Therefore it must be held that the complaint in legal effect charged the defendant with unlawfully having in his possession privately distilled intoxicating liquor.

If pleaders would regard the provisions of sec. 355.33, and, where an offense has been created by statute, describe the offense in the words of the statute, a great deal of difficulty would be avoided. While the statute provides that the offense may be charged in words of substantially the same meaning, it is certainly much easier as well as much safer to follow the language of the statute rather than to substitute language and thereby make it necessary to determine whether it has substantially the same meaning. *State v. Welch,* 37 Wis. 196. See *Davis v. State,* 134 Wis. 632, 115 N. W. 150.

(2d) It is contended that the court improperly admitted evidence obtained upon the search of defendant's premises because the search warrant was improperly issued. The warrant was issued upon the affidavit of the district attorney. The following is the memorandum taken down by the justice:

"District Attorney Bohn, being duly sworn, on oath says that the defendant, *Earl Hiller,* has been complained about many times by people who see people coming from his place in a drunken condition. His place is located near Kilbourn. About two weeks ago a young fellow came to Kilbourn in an intoxicated condition. He was arrested and taken into justice of the peace court and the chief of police of Kilbourn brought him to my office. I became interested in getting after this and I examined this young fellow in my office at length and took his statement and he told me that he and several others had gone on Sunday to *Hiller's* place and procured moonshine and became intoxicated on that moonshine, and yesterday the chief of police called me and told me that he had been watching *Hiller* and he was satisfied that if we got out a warrant at this time and would get busy now we would find the stuff at *Hiller's.*"

Upon the trial, the justice who issued the warrant testified as follows:

"I am the justice that issued the search warrant in this case. The district attorney, Mr. Bohn, came to my office and said he wished to get out a search warrant and I started to look at the papers, and he said, I think I had better be sworn, and he was sworn and made a statement to me. My recollection is that I didn't start to take it in writing, and at his suggestion he said he thought it ought to be reduced to writing, and so I called my secretary's attention to what he was saying and she took it down, part of what was said. I couldn't say just the exact words, he talked quite a little about it, and in fact I think I finally said, I don't think it necessary for you to take any more. He said he had been informed that *Earl Hiller,* who lived near Kilbourn, was selling moonshine and that a young boy from Kilbourn, who had been arrested, I think, for being drunk, had told him that he got his moonshine at *Hiller's* place, that he had been

told—my recollection is by the police officer at Kilbourn, I am not sure but I think so—that numerous persons had been seen going there and the officer was very well convinced that there had been liquor there."

On cross-examination District Attorney Bohn testified as follows:

"I told him, as I recollect, that this boy told me that he had been out there and they had purchased this liquor at this farm one Sunday and I think I told him what the boy claimed he had given for it. I know that the lad told me positively what he had given for it at that time.

"*Q.* You say this farm; did you mention what farm? *A.* Well, he said he had gone to the house, and I think I related this to the justice that they had gone over to this dwelling and purchased this liquor.

"*Q.* Was the dwelling mentioned in any way? *A.* Well now I couldn't be positive, but I think it was.

"*Q.* Well, what did you tell the justice where they got the liquor? *A.* Well, I think I told him just that, that the boy had gone over to the house on this place, he had told me about—

"*Q.* You speak of the house on this place— *A.* On this place that is described in the search warrant, and he told me how they had gone there and where they found the defendant, *Mr. Hiller,* and he told me who he purchased it of. I think I related substantially that whole story to the justice."

It is argued that it was held in *Endish v. State,* 188 Wis. 259, 205 N. W. 822, that the statute did not forbid the possession of privately distilled liquor in the home, but that case does not so hold. The possession without permit of privately manufactured distilled liquor is an offense wherever it is committed. Neither the justice nor the district attorney contradicted the record made at the time the warrant was issued. They both agreed that not all of the statement made by the district attorney was reduced to writing. Under the authority of *State v. Blumenstein,* 186

Wis. 428, 202 N. W. 684, the court correctly allowed them to supplement the record.

(3d) It is next argued that the search warrant was invalid at the time of its execution because it was not served promptly after its issuance. The search warrant was issued on the morning of August 26th and was executed by the sheriff at 6 o'clock p. m. on August 29th. This contention is based mainly upon *State v. Guthrie,* 90 Me. 448, 38 Atl. 368. In that case the warrant was issued under a statute which required the officer to make an "immediate" return. In this case there was a showing that the sheriff executed it as soon as the performance of other and conflicting duties permitted, but whether or not that was true, there was no unreasonable delay, nor does it appear that the warrant was held back by the officer as a menace to the defendant. See *Elrod v. Moss,* 278 Fed. 123; *Farmer v. Sellers,* 89 S. C. 492, 72 S. E. 224.

(4th) It is next contended that the warrant was invalid because it was issued before the offense was committed. Although there was evidence to the effect that the marshal at Kilbourn, in response to a telephone inquiry from the sheriff, thought that a delay would make the service more effective, there is nothing to indicate that the warrant was issued before the offense was committed.

(5th) It is further urged that the search was unlawful because the officers entered the dwelling of the defendant without first asking permission to enter. It appears that at the time the officers approached the premises they were seen by Mrs. Hiller and that she knew who they were and had a strong suspicion as to why they were there. The officers saw her disappear from the door, the sheriff jumped out of his automobile which was near the house, pulled the hook off the screen door and entered the premises, at which time she and her husband were coming out of the cellar, and in the cellar liquor containers had been turned

bottom side up and liquor was running out of them. We adopt the language of the trial court:

"No more force was used than was reasonably necessary to execute the warrant. The testimony justified the officers in believing that defendant's wife, after seeing the officers approach and being seen by the officers, retreated from the screen door leaving it fastened. Under the circumstances as they appeared to the officers he had abundant reason to use the slight degree of force which was necessary to open a screen door fastened with an ordinary hook and eye that was used in this case. The officer must act upon the situation as it appeared to him at the time. The retreat from a door that was fastened so as to prevent an entrance into the house might well be considered by him as effective a denial of admission as if the defendant had sat inside the door and refused admission. When those in possession of the premises to be searched give no opportunity 'for a formal statement of the contents of the warrant, no ceremony of that character is necessary to the execution of the warrant.' *Lehrer v. State,* 183 Wis. 339, 341, 197 N. W. 729."

(6th) Defendant's next contention is that the search was unlawful for the reason that at the time of entry into the building the officers did not have the search warrant upon their person. The search warrant was in the coat of the sheriff, which was upon the premises described in the warrant and but a few feet from the house. It was sufficiently in his possession and constituted ample authority for what was done by the sheriff under the circumstances. *Elrod v. Moss,* 278 Fed. 123.

(7th and 8th) The seventh and eighth assignments of error will be considered together. It is contended that the State failed to prove that the alcohol found by the sheriff in the course of the search was unlawfully manufactured, and that the State failed to prove that the defendant had no permit for the possession of the alcohol. By the provisions

of sub. (27) of sec. 165.01 it is not necessary, in an information setting up a violation of the Severson law, to include any defensive negative averments, but it is sufficient to allege that the act complained of was prohibited and unlawful. See *Kreutzer v. Westfahl,* 187 Wis. 463, 478, 204 N. W. 595.

The defendant relies principally upon *Hepler v. State,* 58 Wis. 46, 16 N. W. 42. In that case the defendant was prosecuted for selling liquor without a license, and it was held that the burden of proof was upon the prosecution to show, at least by presumptive evidence, that the defendant had no license. After referring to the fact that the record of licenses was equally accessible to both parties, the court said:

"The negative averment in the complaint could be proved with great facility, and therefore, in conformity to the general rule, the prosecution ought to have produced such record before asking the jury to convict the accused. The case, therefore, did not come within the first, but clearly did come within the second, class of cases mentioned by Mr. Wharton."

The rule referred to was contained in Wharton's Criminal Law (8th ed.) § 1500, as follows:

"It has been ruled in some courts, though on questionable reasoning, that it is for the defendant to prove he is licensed, the prosecution not being bound to prove a negative. But wherever the negative is capable of proof, it is one as to which the prosecution should at least make out a *prima facie* case."

The *Hepler Case* is in the nature of an exception to the general principle, and the rule in that case should not be extended so as to require the State to prove a negative allegation as to which the evidence is wholly within the knowledge of the defendant and not within the knowledge of the State. This is in accordance with the overwhelming

weight of authority in this country. See note to *Bell v. State,* 36 L. R. A. N. s. 98 and cases cited. If the defendant in fact had a permit or was in possession of the liquor for sacramental or non-beverage purposes, he could have very easily established that fact upon the trial.

(9th) It is argued that there was no proof that the defendant secreted or destroyed fluids while the premises were being searched. In framing the fourth count the pleader did not follow the language of the statute, but alleges the offense in the following words:

"At a time when the sheriff of Sauk county came with a search warrant to his premises to search the same for intoxicating liquors and at a time when the sheriff of Sauk county was attempting to enter the dwelling upon said premises and make search, did secrete and destroy fluids."

Sec. 165.01, sub. (19), is as follows:

"It shall be unlawful for any person to secrete or destroy any fluids on premises being searched for the purpose of preventing the seizure of such fluids by the commissioner, or any peace officer."

It appears that the sheriff, after entering the house, rushed to the cellarway and there met *Mr.* and Mrs. *Hiller* coming out of the cellar. He then hurried into the basement, and found a gallon can in one corner turned upside down with liquor running out of it. The marshal of Kilbourn, who assisted the sheriff in executing the warrant, testified that the liquor running out of it was alcohol. If *Mr.* and Mrs. *Hiller* were coming out of the cellar, they must have been in it previously. It does not appear that any one else was there. The can was overturned so recently that it had not yet had time to become empty. Mrs. Hiller was seen a moment before at the door. The can was so placed that the contents would run through a crack in the cellar floor. The facts of this case clearly distinguish it from *Novotny v. State,* 182 Wis. 304, 196 N. W. 232.

See *Pitkunas v. State,* 183 Wis. 90, 197 N. W. 191; *Lehrer v. State,* 183 Wis. 339, 197 N. W. 729.

*By the Court.*—Judgment affirmed.

STEVENS, J., took no part.

A motion for a rehearing was denied, without costs, on June 21, 1926.