EMIL KRUEGER, Petitioner, v. MUNICIPAL COURT OF SIOUX CITY, et al., Respondents.

No. 43574.

1364

September 28, 1937.

George Gorder, for petitioner.

M. E. Rawlings and John Mulhall, for respondents.

Donegan, J.—This is an action of certiorari filed originally in this court upon petition asking us to review the action of the municipal court of Sioux City, Iowa, and Berry J. Sisk, one of the judges thereof, in holding the petitioner guilty of contempt in resisting a purported search warrant issued out of that court.

Briefly stated the facts are as follows: On October 12, 1935, Dewey Landeck, a police officer of Sioux City, Iowa, filed in the municipal court of said city an information entitled, "State of Iowa, Plaintiff, vs. John Doe, and Certain Intoxicating Liquors, Defendants," alleging that the informant believed and had substantial grounds to believe that intoxicating liquors were sold, kept for sale, owned and possessed in violation of law on the premises of John Doe situated at 618 Fifth Street, Sioux City, Woodbury County, Iowa.

Following the filing of this information and on the same day, October 12, 1935, a search warrant was issued by said court, directing any peace officer of Woodbury County, Iowa, to make immediate search of both the foregoing described premises and person. Still later on said day, October 12, 1935, there was filed in said court an affidavit of said Dewey Landeck entitled "Affidavit showing contempt."

Following the filing of this affidavit, said court, on October 14, 1935, issued a citation to Emil Krueger, the petitioner herein, to appear at said court to show cause why he should not be punished for contempt of court. Thereafter, hearing was had

on said charge of contempt and, at the conclusion thereof, the court entered judgment finding said Emil Krueger guilty of contempt of court as charged, and ordered that he be fined $50 and costs and be confined in jail until said fine and costs were paid.

■■■ It is claimed by the petitioner that the court erred and acted illegally in entering said judgment finding the petitioner guilty of contempt. Before entering upon a consideration of the separate grounds upon which the petitioner relies as establishing the illegality of the judgment entered by the respondents, it will simplify our discussion if, at the outset, we direct our attention briefly to a contention of the petitioner which underlies most, if not all, of his argument. It is contended by the petitioner that, by chapter 125 of the Acts of the 46th General Assembly, which now appears as chapter 617 of the Code of 1935, many of our statutes in regard to the issuance and service of search warrants have been repealed, and that the legislation enacted in lieu thereof shows an intention to conform our statutes and laws in regard to these matters to those of the federal government. With this contention we do not agree. It is true that the preamble to chapter 125 of the Acts of the 46th General Assembly states, among other things, that such legislation is "to amend, revise, and codify various statutes pertaining to search warrants, in order to provide a uniform procedure governing search warrant proceedings." That act not only repealed the entire chapter 617 of the Code of 1931, which was the general chapter in regard to search warrants, but it also repealed chapter 96 of the Code of 1931, which contained provisions for the issuance of search warrants in connection with intoxicating liquors, as well as several separate sections of the Code of 1931 having reference to the issuance of search warrants in connection with other violations of law. As the chapters and statutes thus repealed stood in the Code of 1931, there was much repetition and the possibility of confusion growing out of their application. We think it quite apparent that the statement in the preamble of said act, that its purpose was "to provide a uniform procedure governing search warrant proceedings," had reference to establishing uniformity among the various provisions of our own statutes, and had no reference whatever to establishing uniformity of our search warrant proceedings with those of the federal government or of any other jurisdiction.

We find no reason, therefore, for adopting the further contention of the petitioner that, in construing the sections of chapter 125 of the Acts of the 46th General Assembly, which now appear as chapter 617 of the Code of 1935, we should follow the decisions of the federal courts construing the federal statutes, instead of following the decisions of our own court.

██ I. The first ground on which petitioner claims the invalidity of the judgment entered is that there was no valid search warrant, because there was no showing of probable cause and no recital of facts in the affidavit for search warrant showing probable cause. Petitioner relies on the insufficiency of the information as a basis for the issuance of such search warrant, and alleges it does not comply with the provisions of our State Constitution and the statute. Section 8, Article I, of our State Constitution provides that "no warrant shall issue but on probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the persons and things to be seized." Section 13441-g4 of the Code of 1935 provides that application for a search warrant shall be by any credible resident of the state on "a written information, supported by his oath or affirmation, and alleging therein the existence of any ground or grounds specified in this chapter as ground for the issuance of a search warrant and that he believes and has substantial reason to believe that said ground or grounds exist in fact."

The information filed in this case was supported by oath and alleged that the informant "believes and has substantial grounds to believe that intoxicating liquors, including alcohol, brandy, whiskey, rum, gin, beer, ale, porter, wine, spirituous, vinous and malt liquors, the exact kind and quantity thereof being now unknown, are manufactured, sold, kept for sale, owned and possessed in violation of the law of this state; that instrumentalities, containers, equipment, articles and things used and employed and intended to be used and employed in effecting said unlawful acts are kept and used on the premises of John Doe, situated at 618 5th St., Sioux City, Woodbury County, Iowa." Section 13441-g4, which is found in chapter 617 of the Code, 1935, provides that the information shall allege "the existence of any ground or grounds specified in this chapter as ground for the issuance of a search warrant and that he (the informant) believes and has substantial reason to believe

that said ground or grounds exist in fact.'' Subdivision 8 of section 13441-g3, which is also found in chapter 617 of the Code, 1935, provides that a search warrant may be issued for intoxicating liquors of various kinds therein named manufactured, sold, kept for sale, owned, or possessed in violation of any law of this state, ''including all instrumentalities, containers, equipment, articles or things used or employed or intended to be used or employed in effecting said unlawful acts or any of them.'' An examination of the information involved in this case shows that it did set out substantially the identical ground or grounds specified in the above subdivision 8 of section 13441-g3.

The petitioner contends, however, that the statement contained in the information is no more than a statement of the informant's belief or conclusion, and that such a statement is not sufficient to constitute the probable cause required by the constitutional provision. Even if this be conceded, we do not think it necessarily follows that the search warrant in this case was issued without probable cause. Section 13441-g5 provides that, ''If the magistrate is satisfied from his examination of the applicant, and of other witnesses, if any, and of the allegations of the information, of the existence of the grounds of the application, or that there is probable cause to believe their existence, he shall issue a search warrant.'' We think the language of this section quite clearly indicates that the existence of probable cause for the issuance of a search warrant is to be determined by the magistrate issuing such warrant, and that this may be determined not only from the statements of the information but also from the examination of witnesses. In Burtch v. Zeuch, 200 Iowa 49, 54, 202 N. W. 542, 544, 39 A. L. R. 1349, this court conceded that a search warrant should not issue on mere belief of the informant alone, but that it could only issue upon the application of one having knowledge of the facts which must be ''supported by oath or affirmation.'' In this connection, however, we further said:

''This does not mean that the probable cause to which reference is made in Constitution and statute must be shown in the information itself. It may be shown in an affidavit attached thereto, or on sworn testimony taken before the magistrate prior to the issuance of the warrant. * * *

''We will not presume that the issuing magistrate

failed to respect constitutional and statutory provisions. On the contrary, we recognize the presumption that sworn public officials, in the performance of their duties, have legally acted, in the absence of evidence to the contrary. The law presumes the regularity of official acts; and, the information being *prima facie* valid, we must hold that the warrant issued in conformity to law.''

See, also, State v. Friend, 206 Iowa 615, 220 N. W. 59; United States v. Fitzmaurice (C. C. A.), 45 Fed. (2d) 133.

The evidence in this case shows that upon the trial thereof the informant, Dewey Landeck, testified that on October 11, 1936, the day preceding the filing of the information and the issuance of the search warrant in this case, he went into the place described in the search warrant; that as he did so the petitioner, Krueger, was dumping some stuff down what is known in the evidence as ''the dump''; that there was a glass of whiskey sitting on top of the bar for which both he and petitioner grabbed at the same time, breaking the glass and cutting their hands, and that this also went down ''the dump''. We cannot presume that the magistrate did not have knowledge of the facts thus testified to by the informant upon the trial, before the warrant was issued, and we do not think it can be said that such facts were not sufficient to constitute the probable cause contemplated by the constitutional and statutory provisions.

■■■ II. Petitioner claims that the warrant was insufficient because it was merely what is known as a John Doe warrant, in which the name was in printing, and in which no other name was inserted. In support of this contention, petitioner cites Brewer v. State, 142 Miss. 100, 107 So. 376. We do not question the decision in that case as being a correct construction of the Mississippi statute. In this case, however, we are called upon to construe the statutes of our own state. Section 13441-g4 provides that the information ''shall describe with reasonable certainty the *person or premises, or both,* to be searched, the property to be seized, and the *person, if known, in possession* of said premises and property.'' (Italics are ours.) Section 13441-g5 provides that the search warrant shall be directed to any peace officer in the county, ''commanding him forthwith to search the *person or place named* for the property specified, and bring said property before him.'' (Italics are ours.) Neither of these stat-

utes requires that any person be named or described in a search warrant, unless such person is to be searched; or unless he is known to be in possession of the premises or property to be searched, in which case, the information shall name or describe him. It is apparent from the record in this case that the search warrant here involved was not issued for the purpose of searching a person. Under section 13441-g4 it was not necessary that the information describe the person in charge of the premises and property, unless he was known; and, under section 13441-g5, it was not necessary that any person be named in the search warrant, unless he was to be searched. Both the information and the search warrant sufficiently described the premises to be searched. The name, John Doe, in the information and search warrant was merely surplusage, and could in no way affect the validity of the search warrant, as far as the premises were concerned. In State v. Moore, 125 Iowa 749, 752, 101 N. W. 732, 733, we said:

"The place to be searched was sufficiently identified. Of course, there was no ground for directing the search of the person of Moore, and nothing in the record indicates that the officer entertained any such purpose. Indeed, it is absurd to suppose that the corn and oats were concealed on his person, and that portion of the warrant was properly regarded as surplusage."

See, also, United States v. Williams, (D. C.), 43 Fed. (2d) 184; United States v. Fitzmaurice (C. C. A.), 45 Fed. (2d) 133; Nelson v. State, 200 Ind. 292, 163 N. E. 95; Banks v. Jackson, 152 Miss. 844, 120 So. 209.

■■■ III. Petitioner, in his argument, combines the third and fourth grounds of his claimed errors, under the statement that there was no execution or attempted execution of the warrant until after the alleged "dump"; and no evidence of contempt. His argument is that at the time the officer entered the place to be searched, he had the search warrant in his pocket; that he did not show it or attempt to show it as he entered the premises; that, when the officer stated that he had a search warrant, the petitioner immediately said: "That is all right, go ahead;" and that the officer did not leave the search warrant or a copy of it. The evidence of officer Landeck was that, when the search warrant was issued it was placed in his hands; that, accompanied by another officer, he proceeded to 618 Fifth Street,

the place to be searched; that, as he entered the premises the petitioner, Krueger, was behind the bar leaning down toward the dump and looked like he was pouring something; that petitioner looked up and saw the officers and officer Landeck said: "Officers with a liquor search warrant; don't dump"; that the petitioner hesitated and then grabbed something and threw it down the dump; that the officer went over to the dump and smelled it and it had a liquor odor. The officer described the dump as made of galvanized iron built in a funnel-shape, about two feet square at the top and tapering down into an eight-inch pipe which went through the floor into the basement, and through the basement floor; that in the basement the eight-inch pipe went into a dead hole, about three feet wide and four or five feet long, and was chuckful of glass and dirt and stuff; and that there was a big pile of concrete on the top of the floor in the basement up to and around the pipe. The facts in this case are very similar to those in Burtch v. Zeuch, 200 Iowa 49, 51, 202 N. W. 542, 39 A. L. R. 1349, which are stated in the opinion as follows:

"As the officers entered the placé, one of them called out: 'Officer with a search warrant.' On this announcement, the petitioner, Burtch, who happened to be in the place, but whose connection or relation thereto is not disclosed, dumped or poured a certain amount of alcohol into the sink, and broke the container, before the officers could get to him. It is also shown that the sink and the broken container had the odor of alcohol, and that a number of empty whiskey bottles were in the place." After some further statement as to the issues presented by the pleadings, the opinion further says: "The questions presented on the fact side bearing directly on the acts and conduct of the defendant are: (1) Did the accused have knowledge of the officers' attempt to execute the search warrant in question? (2) Did he commit the acts charged in defiance of the terms of the search warrant? (3) Did the State establish these propositions by the quantum of proof required in a contempt proceeding? * * * Clearly, Burtch had knowledge, at the time of the commission of the act charged, that the officers were about to search the premises in which, at that time, he happened to be. He personally knew some of the officers. It is also shown without dispute that Burtch dumped and attempted to destroy the evidence of

intoxicating liquor which was in the place subject to search. The facts and circumstances establish the corpus delicti beyond question. Furthermore, the purpose and intent of Burtch in doing what he did are quite evident. His act was willful, and constituted an illegal resistance to the service of process, within the purview of the statutory definition. An unlawful interference or an attempt to interfere with the proper execution of legal process is an obstruction of the due administration of justice, and constitutes contempt.''

In the Wisconsin case of Lehrer v. State, 183 Wis. 339, 197 N. W. 729, 730, it was claimed that no search had been instituted under the warrant. In rejecting this contention the court said:

''The officers had a warrant and were lawfully upon the premises. While no attempt was made nor opportunity given for a formal statement as to the contents of the warrant, no ceremony of that character is necessary to the execution of the warrant. 24 R. C. L. 704. A search warrant is executed by making a search of the premises. Both the defendant and his wife acted upon the assumption that the officers were there pursuant to law. * * * The conduct of the defendant can be accounted for upon no other assumption than that he knew that the officers of the law were present upon the premises for the purpose of conducting a search. His efforts to make the search fruitless by destroying the fluids then in his possession clearly bring him within the terms of the statute which forbids the destruction of such material while the premises are being searched.''

The petitioner contends that the facts in this case differ from those in Burtch v. Zeuch, supra, because the evidence in this case does not show that any intoxicating liquor was dumped. The officer, however, although not able to testify that what the petitioner dumped, at the time of the officer's entrance into the premises, was intoxicating liquor, did testify that he smelled the dump immediately thereafter and it had a liquor odor. In the case of Pitkunas v. State, 183 Wis. 90, 197 N. W. 191, a somewhat similar situation was presented, and it was held that the evidence of the officers as to the odor of vessels, from which it was claimed intoxicating liquors had been dumped, was suffi-

cient to establish the fact that intoxicating liquors had been contained in such vessels.

We find no illegality in the judgment rendered and penalty imposed by the respondents, and the writ of certiorari heretofore issued is, therefore, annulled.—Writ annulled.

HAMILTON, C. J., and ANDERSON, KINTZINGER, PARSONS, STIGER, and SAGER, JJ., concur.