STATE OF IOWA, Appellee, v. JOSEPH OHMAN, Appellant.

INTOXICATING LIQUORS:  Manufacture without Intent to Sell.
1   The manufacture in this state of intoxicating liquors, without intent to traffic in any manner in the same, is prohibited.  (Sec. 2382, Code Suppl. Supp., 1915.)

INTOXICATING LIQUORS:  Nuisance.  On the trial of an indict-
2   ment for nuisance, under Sec. 2384, Code, 1897, due consideration may be given to the prohibitions of Sec. 2382, Code Suppl. Supp., 1915.

*Appeal from Mahaska District Court.*—D. W. HAMILTON, Judge.

OCTOBER 4, 1920.

PROSECUTION for maintaining a liquor nuisance.  There was a trial to a jury, and a verdict finding the defendant guilty.  Judgment was entered upon the verdict, and the defendant appeals.—*Affirmed.*

*Dan Davis* and *W. R. Lacey,* for appellant.

*H. M. Havner,* Attorney General, *B. J. Powers,* Assistant Attorney General, and *Maxwell O'Brien,* County Attorney, for appellee.

EVANS, J.—The evidence is not greatly in conflict. The charge of nuisance in the indictment is based upon the alleged manufacture by defendant upon his premises of intoxicating liquor. The liquor in question

1. INTOXICAT-
ING LIQUORS:
manufacture
without in-
tent to sell.

was made from wild grapes. When the manufacturing process was complete, the liquor contained 21 per cent of alcohol. Two or three kegs of the liquor were manufactured, containing a total of about 50 gallons. The contention of the defendant was that, though he had dispensed some of such liquor in a social way, he had not manufactured or kept the same for the purpose of sale, but solely for his own "stomach's sake." The controlling question in the case is whether it be an offense against the law to *manufacture* intoxicating liquor, where there is no intent to sell the same or to traffic therein. The defendant's contention was presented to the court by motion for directed verdict and by requested instructions.

By requested Instruction No. 3, he asked the court to instruct:

"That the defendant had the right to manufacture grape wine from wild grapes grown on Skunk River in the state of Iowa for his own private use and consumption of himself and family where not in unusual quantities, providing he did not sell or intend to sell the same contrary to the laws of Iowa, or keep the same with intent to violate the law."

Complaint is also made because, though the indictment is based upon Section 2384 of the Code, yet the court permitted the jury to consider the prohibition of Code Section 2382. It is enough to say that Section 2384

2. INTOXICAT-
ING LIQUORS:
nuisance.

is predicated in large part upon the prohibition of Section 2382. In Section 2382 is found the following prohibition:

"Section 2382.  No one, by himself, clerk, servant, employee or agent, shall, for himself or any person else, directly or indirectly, or upon any pretense, or by any device, manufacture, sell, exchange, barter, dispense, give in consideration of the purchase of any property or of any services or in evasion of the statute, or keep for sale, any intoxicating liquor, which term shall be construed to mean alcohol, ale, wine, beer, spirituous, vinous and malt liquor, and all intoxicating liquor whatever, except as provided in this chapter, or own, keep, or be in any way concerned, engaged or employed in owning or keeping any intoxicating liquor with intent to violate any provision of this chapter, or authorize or permit the same to be done  *  *  * "

By Section 2384, a nuisance is declared, as follows:

"Section 2384.  Whoever shall erect, establish, continue or use any building, erection or place for any of the purposes herein prohibited, is guilty of a nuisance,  *  *  * and the building, erection or place, or the ground itself, in or upon which such unlawful manufacture or sale or keeping with intent to sell, use or give away said liquors is carried on or continued or exists, and the furniture, fixtures, vessels and contents, are also declared a nuisance, *  *  * "

Under this Section 2384, to maintain a building or place for the violation of the prohibition of Section 2382 is to maintain a nuisance.  Under Section 2382, the "manufacture" of intoxicating liquors is included in the same prohibited category as is the sale thereof.  We find no exception in the statute in favor of "grapes grown on the Skunk River."

It is strongly urged that Section 2384 has been in force for a quarter of a century, and that the makers of the law had no intention to make it a criminal offense for a person to manufacture a little wine for the use of his own family, and that the present contention of the State and the instruction of the trial court are "too foolish to admit of argument." The foolishness, if any, is one which inheres in the entire

statute.   Its folly has been frequently and persistently
pointed out, but the demonstration of such folly has never
penetrated the legislative mind.   The statute itself is free
from ambiguity, and will permit no other construction than
that given to it by the trial court.   The judgment below is,
therefore,—*Affirmed*.

WEAVER, C. J., LADD and PRESTON, JJ., concur.