ROY BURTCH, Petitioner, v. HERMAN F. ZEUCH, Judge, et al., Respondents.

**CONTEMPT: Acts Constituting—Willful Attempt to Nullify Search**
1 **Warrant.** A willful attempt to render futile the service of a search warrant constitutes a contempt.

**CONTEMPT: Power to Punish—Degree of Proof.** A contempt must be
2 established by clear and satisfactory evidence.

**CONTEMPT: Acts Constituting—Resisting Void Process.** It is not a
3 contempt to willfully resist a void process.

**SEARCHES AND SEIZURES: Search Warrant—Essential Conditions**
4 **Precedent.** A search warrant may not legally issue on an affidavit of mere *belief.* It may legally issue only after a determination by the magistrate, on sworn testimony, that the belief is probably true. But the facts so showing need not appear in the application for the warrant. And in the absence of any showing to the contrary, it will be presumed that the magistrate required the production of the proper testimony and made the proper determination prior to the issuance of the warrant.

**OFFICERS: Presumption of Regularity.** It will be presumed, nothing
5 appearing to the contrary, that a magistrate, in the issuance of a

search warrant, proceeded regularly and in accordance with the Constitution and statutes governing such subject-matter.

**Headnote 1:** 13 C. J. p. 33. **Headnote 2:** 13 C. J. p. 77. **Headnote 3:** 13 C. J. p. 14. **Headnote 4:** 33 C. J. pp. 675, 801; 35 Cyc. pp. 1266, 1268 (Anno.) **Headnote 5:** 22 C. J. p. 139.

*Certiorari to Des Moines Municipal Court.*—H. F. ZEUCH, Judge.

MARCH 17, 1925.

REHEARING DENIED JUNE 25, 1925.

ORIGINAL proceedings in certiorari to test the validity of an order made by respondents adjudging the petitioner guilty of contempt. The opinion sufficiently states the facts. The petition is dismissed, the writ discharged, and the order entered by the defendant judge is—*Affirmed.*

*Theodore F. Mantz,* for petitioner.

*Ben J. Gibson,* Attorney-general, *Vernon R. Seeburger,* County Attorney, *Russell Jordan,* Assistant County Attorney, and *Ralph Powers,* Special Prosecutor, for respondents.

DE GRAFF, J.—The action giving rise to the proceedings in certiorari in this case is predicated on Section 12541, Code of 1924. The material part thereof reads:

"The following acts or omissions are contempts, and are punishable as such by any of the courts of this state, * * * as hereinafter provided: * * * 3. Illegal resistance to any order or process made or issued by it."

The petitioner herein, as defendant in the court below, was accused, on information, of contempt of court, in that he unlawfully, willfully, and illegally resisted an order or process issued by the municipal court of Des Moines, to wit:

1. CONTEMPT: acts constituting: willful attempt to nullify search warrant.

a search warrant for intoxicating liquors. The specific charge is that he did willfully and knowingly dump certain intoxicating liquors about to be seized under a search warrant, into a sink on the premises designated in the search warrant.

Burtch was cited to show cause why he should not be punished for contempt, by reason of his acts and conduct as alleged in the information. Upon arrest, he filed an appearance bond, and subsequently entered his plea of not guilty. Trial was had, and the court adjudged him guilty, imposing a fine of $50 and costs. Thereafter, petition in certiorari was filed in this court, and writ issued.

The facts disclose that, on the 11th day of March, 1924, one T. R. Pettit of Des Moines signed and swore to an information before H. H. Sawyer, one of the judges of the municipal court of Des Moines, to have issued a search warrant for intoxicating liquors. On the same day, a warrant issued, and was placed in the hands of a Des Moines police officer, who went to 606 Mulberry Street, Des Moines, Iowa, which was the place designated in the warrant, for the purpose of service. As the officers entered the place, one of them called out: ''Officer with a search warrant.'' On this announcement, the petitioner, Burtch, who happened to be in the place, but whose connection or relation thereto is not disclosed, dumped or poured a certain amount of alcohol into the sink, and broke the container, before the officers could get to him. It is also shown that the sink and the broken container had the odor of alcohol, and that a number of empty whisky bottles were in the place.

Upon the conclusion of the State's testimony, the defendant interposed a motion ''that the information for contempt herein be dismissed.'' No evidence was introduced on behalf of the defendant. This motion challenges the power of the court to adjudge him guilty of contempt: (1) That the act of the defendant as charged in the information does not constitute contempt, within the purview of the statutory definition; (2) that the information and search warrant introduced by the State over the objection of the defendant were invalid, in that they were not in conformity to the provisions of our state Constitution and our statutes governing search warrant. In effect, the motion constituted a challenge to the sufficiency of the evidence to sustain the alleged contempt. The questions presented on the fact side bearing directly on the acts and conduct of the defendant are: (1) Did the accused have knowledge of the officers' attempt to execute the search warrant in question? (2)

Did he commit the acts charged in defiance of the terms of the search warrant? (3) Did the State establish these propositions by the quantum of proof required in a contempt proceeding?

I.   To warrant a conviction, the guilt of the accused must be established by clear and satisfactory evidence. *Sawyer v. Hutchinson*, 149 Iowa 93; *Russell v. Anderson*, 141 Iowa 533.

2. CONTEMPT: power to punish: degree of proof.

Clearly, Burtch had knowledge, at the time of the commission of the act charged, that the officers were about to search the premises in which, at that time, he happened to be. He personally knew some of the officers. It is also shown without dispute that Burtch dumped and attempted to destroy the evidence of intoxicating liquor which was in the place subject to search. The facts and circumstances establish the corpus delicti beyond question. Furthermore, the purpose and intent of Burtch in doing what he did are quite evident. His act was willful, and constituted an illegal resistance to the service of process, within the purview of the statutory definition. An unlawful interference or an attempt to interfere with the proper execution of legal process is an obstruction of the due administration of justice, and constitutes contempt. The power of a court to punish for contempt extends to all persons who interfere with the proper exercise of its judicial functions, including officers of a court, parties litigant, or strangers. 13 Corpus Juris 32, Section 43 *et seq.*

The act of Burtch was an attempt to make futile a process issued by a court of competent jurisdiction, and therefore constituted a criminal constructive contempt, being directed against the dignity and authority of the court. On this phase of the case the propositions urged by the petitioner are without merit.

II.   As heretofore indicated, the motion of defendant to dismiss the contempt proceeding not only questioned the sufficiency of the evidence bearing directly on the specific acts and

3. CONTEMPT: acts constituting: resisting void process.

conduct of the defendant, but also challenged the validity of the information and search warrant introduced in evidence. To constitute a contempt predicated on the illegal resistance to an order or process of the court, within the meaning of the statute, the order or process must have issued, in the first instance, in con-

formity to law. There can be no contempt based on a process
which is wholly void. It is to be observed that the information
and search warrant are simply items of evidence in the contempt
case, and are subject to the ordinary and usual rules governing
the admission of evidence. ·Therefore, unless it may be said that
these documents were *prima facie* competent when offered by
plaintiff, the objections of the defendant should have been sus-
tained.

The pertinent and controlling question is: Was the search
warrant in question a void process? The challenge made by
the petitioner to the information and warrant is in these particu-
lars: (1) That the search warrant was not
issued upon probable cause, as defined in Section
8 of Article 1 of the Constitution of Iowa, for
the reason that the information upon which the
warrant was based, contains no facts set forth therein or at-
tached thereto, so that the magistrate could conclude therefrom
whether the same constituted probable cause; (2) that the search
warrant did not describe with reasonable accuracy and definite-
ness the place to be searched; the intoxicating liquors to be
seized, or the person against whom the search warrant was di-
rected; (3) that the search warrant did not have thereon the seal
of the court; (4) that the information supporting the search
warrant was not filed in the clerk's office before issuing the
warrant.

4. SEARCHES AND
SEIZURES: search
warrant: essen-
tial conditions
precedent.

The record discloses that the information upon which the
warrant issued was based on an affidavit of belief only. No facts
are recited therein by the affiant, but it is merely stated that he
"has good reason to believe and does believe that the defendant
has in his possession in a certain building described as follows:
* * * certain intoxicating liquors, to wit: * * *."

Under constitutional provision, the right to issue a search
warrant rests upon facts showing probable cause, as distin-
guished from an informant's belief or conclusions, existing at
the time the showing is made. Our Constitution provides:

"No warrant shall issue but on probable cause, supported
by oath or affirmation." Constitution of Iowa, Article I, Sec-
tion 8.

An accusation based on mere belief was characterized by

Judge Cooley of the Supreme Court of Michigan in these words:

"Charges are not verified by an affidavit that somebody is informed and believes they are true. This is mere evasion of the law. The most improbable stories may be believed of anyone, and the man most free from any reasonable suspicion of guilt is not safe if he holds his freedom at the mercy of any man * * * who will swear that he has been informed and believes in his guilt. It is easy to tell falsehoods, and those who are least fitted to judge of their credibility are generally the very persons who will believe them because they are told. But to substantiate charges within the meaning of the law, evidence is required, and not merely suspicions or information or beliefs." *Swart v. Kimball*, 43 Mich. 443.

It is the quite universal holding of the courts of last resort of the several states of the American union, and of the Federal courts of the United States, that an information based upon mere belief and unsupported by sworn facts is not a basis for the issuance of a legal search warrant. The application for such a warrant is an ex-parte proceeding, and is in derogation of personal liberty; and the applicant must be one having knowledge of the facts, which must be "supported by oath or affirmation." This does not mean that the probable cause to which reference is made in Constitution and statute must be shown in the information itself. It may be shown in an affidavit attached thereto, or on sworn testimony taken before the magistrate prior to the issuance of the warrant.

It is said in *De Graff v. State*, 2 Okla. Cr. 519 (103 Pac. 538):

"The question of probable cause and of reasonable ground to believe that an offense has been committed are addressed alone to the judgment of such officer, and their determination cannot, by statute, be vested in the person who verifies the facts from which these opinions, conclusions, or deductions are drawn. Any other construction would reduce this constitutional guaranty to an absurdity, and would violate its letter and spirit and defeat its purpose."

We cannot differentiate the rule as to search warrants as applied to intoxicating liquor, from any other species of personal property. In the contemplation of the law, the probable

cause which must be supported by oath or affirmation must be submitted to the committing magistrate himself. The official accuser cannot be the judge. It is the magistrate who must exercise his own judgment on the sufficiency of the ground shown, and this must amount to a probable cause of belief. *In re Rule of Court,* 3 Woods (U. S.) 502 (Fed. Cas. No. 12126). The rule results that it is beyond the power of a magistrate to authorize a search warrant to issue upon an affidavit based on mere belief. *Lippman v. People,* 175 Ill. 101. See, also, *State v. Peterson,* 27 Wyo. 185 (194 Pac. 342, 13 A. L. R. 1284); *Voorhies v. Judge of Recorder's Court,* 220 Mich. 155 (189 N. W. 1006, 27 A. L. R. 706); *State ex rel. Register v. McGahey,* 12 N. D. 535 (97 N. W. 865). This principle, however, does not determine the cause before us. The information and warrant were *prima facie* valid. We will not presume that the issuing magistrate failed to respect constitutional and statutory provisions. On the

5. OFFICERS: presumption of regularity.

contrary, we recognize the presumption that sworn public officials, in the performance of their duties, have legally acted, in the absence of evidence to the contrary. The law presumes the regularity of official acts; and, the information being *prima facie* valid, we must hold that the warrant issued in conformity to law.

There is no reason presented to construe the provisions of our statute in relation to the constitutional guaranty governing searches and seizures. It is true, as urged by the petitioner, that there is statutory sanction in Iowa for the issuance of a warrant based on written information, supported by oath or affirmation that the affiant "has reason to believe and does believe" that, in the county where the information is filed, and in the place described, intoxicating liquors are being unlawfully kept for sale, used, or sold. But it is further provided:

"Said magistrate shall, upon finding that complainant has probable cause for the belief set forth in said information, issue his warrant of search." Section 1970, Code of 1924.

A statute must be tested, not by what has been done under it, but by what the law authorizes to be done by virtue of its provisions. Sufficient to state, in answer to the contention of appellant, that it is not necessary, to make the information admissible as an item of evidence, that probable cause should be

shown on its face; and that we will not presume that the magistrate issued the warrant thereon without a showing of probable cause, as defined by law.

We deem it unnecessary to discuss *in extenso* the remaining grounds of challenge of the petitioner to the validity of the search warrant in question. At most, these objections constitute an attack upon the regularity of the information and warrant. It is elementary that disobedience of an order or process made by a court within its jurisdiction and power is a contempt, although the order or process may be irregular or irregularly issued. 13 Corpus Juris 15, Section 16. The information and search warrant were *prima facie* regular and valid.

Wherefore, the writ of certiorari issued is discharged, and the judgment entered by the trial court is—*Affirmed.*

FAVILLE, C. J., and EVANS, STEVENS, ARTHUR, VERMILION, and ALBERT, JJ., concur.