STATE OF IOWA, Appellee, v. LOUIS BRUNS, Appellant.

No. 40571.

OCTOBER 21, 1930.

REHEARING DENIED JANUARY 16, 1931.

*Carlos W. Goltz,* for appellant.

*John Fletcher,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, and *George W. Sturges,* County Attorney, for appellee.

KINDIG, J.—On November 16, 1929, the grand jury of Plymouth County returned an indictment against the defendant-appellant, Louis Bruns, under Section 1930 of the 1927 Code. That statute declares as follows:

"Whoever shall erect, establish, continue or use any building, erection, or place for any of the purposes *herein* [the italics are ours] prohibited, is guilty of a nuisance, and upon conviction shall pay a fine of not less than three hundred nor more than one thousand dollars and costs of prosecution, which shall include a reasonable attorney's fee to be taxed by the court, and stand committed to the county jail until such fine and costs are paid, and be imprisoned in the county jail for a period of not less than three months nor more than one year."

Chapter 94 of Title VI of said Code includes the foregoing section. Within Chapter 94, and preceding Section 1930, is Section 1924, which, so far as material, contains this phraseology:

"No one, by himself, clerk, servant, employee, or agent, shall, for himself or any person else, directly or indirectly, or upon any pretense, or by any device, * * * have possession of any intoxicating liquor, except as provided in this title."

If it be assumed that the word "herein," contained in Section 1930, embraces a condemnation against the possession of intoxicating liquors in Section 1924, the indictment, in effect, alleged that the appellant "kept a building" for the purpose of possessing, and in which he unlawfully "possessed intoxicating liquors."

As previously stated in the preamble, the appellant was tried, convicted, and sentenced under the indictment and Code Section 1930. A reversal is asked upon many grounds, which will now be considered in the following order.

I. It is first insisted that the appellant's possession of intoxicating liquors has not been proven. Attention is now directed to that point. Armed with a search warrant, officers went  to appellant's pool hall in Brunsville November 16, 1929, and in an adjoining back room they found twelve pop bottles and eight smaller bottles filled with alcohol. This alcohol was tested by a chemist and found to be an intoxicating beverage.

The pool hall was in the front part of a long building, facing south. John Dirks owned the premises, and leased the front portion thereof to the appellant. Therein the appellant conducted a soft drink counter, as well as a pool hall. Not only did appellant occupy the front part of the building, but likewise he had permission from the landlord to use the back portion thereof. In that part of the structure appellant kept his car, and stored coal for the purpose of heating the pool hall and soft drink parlor. Apparently there were three entrances to the back room. They were: First, a passageway for cars, which was closed by two large doors; second, a door to the adjacent hardware store; and, third, a door to the pool hall. Also, there was a back window.

Evidence was introduced to show that Johnson Frericks and appellant were the only persons who had keys to the large doors for the back room. Frericks, the garage man, testified that he did not own, or know anything about, the intoxicating liquors found by the officers. When Frericks's garage was overcrowded, he used the aforesaid room back of the pool hall for storing cars, together with grease and oil therefor. Said bottles containing the alcohol were found in a box or carton under an old counter in the back room previously mentioned. Such box or carton was once owned by Frericks. Inner tubes for automobile tires originally had been shipped in it to him. Elmer Frericks, a boy 16 years old, and the son of the witness Johnson Frericks, on an occasion a short time before the raid, took the carton with empty bottles to appellant's pool hall, and delivered the same to him personally. Again it is recalled that the bottles containing the intoxicating liquor were found by the officers in the same carton. The boy's father corroborates him in reference to the delivery of the carton to appellant. Appellant, while testifying in his own behalf, disclaimed ownership of the liquor and knowledge of its existence in the

building, but did not deny that the carton containing the intoxicating liquor was delivered to him shortly before the raid by Elmer Frericks. Upon other occasions, Elmer also delivered empty bottles to the appellant. Under the facts and circumstances thus disclosed, the jury were warranted, if they were so inclined, in finding that the appellant had possession of the intoxicating liquors. See *State v. McGee*, 207 Iowa 334. Hence, the insufficiency of evidence on this proposition does not demand a reversal.

II. Conceding the sufficiency of the evidence in that regard, for the purpose of argument, appellant nevertheless insists that there was no crime charged or proven. His  reason for so declaring is that mere possession of intoxicating liquors is not enough to constitute the maintenance of a nuisance, under Section 1930, previously quoted.

Continuing his claim, appellant urges that the word "herein," contained in Section 1930 and italicized in the above quotation thereof, refers back to Section 1929 only, and does not, in any event, include Section 1924, herein set forth. Section 1929 reads:

"The building, erection, or place, or the ground itself, in or upon which the unlawful manufacture or sale or keeping with intent to sell, use, or give away said liquors is carried on or continued or exists, and the furniture, fixtures, vessels and contents, are declared a nuisance, and in addition to all other penalties provided in this title, shall be abated as hereinafter provided."

Further pursuing the thought, appellant maintains that in the Code of 1897 the context of Sections 1929 and 1930 of the 1927 Code was embodied in one section, known as Section 2384. That section of the 1897 Code provided:

"Whoever shall erect, establish, continue or use any building, erection or place for any of the purposes *herein* [the italics are ours] prohibited, is guilty of a nuisance, and upon conviction shall pay a fine of not less than three hundred nor more than one thousand dollars and costs of prosecution, which shall include a reasonable attorney's fee to be taxed by the court, and stand committed to the county jail until such fine and costs are paid, and the building, erection or place, or the ground itself, in or

upon which such unlawful manufacture or sale or keeping with intent to sell, use or give away said liquors is carried on or continued or exists, and the furniture, fixtures, vessels and contents, are also declared a nuisance, and in addition to the penalties hereinbefore affixed, shall be abated as hereinafter provided.''.

Therefore, appellant concludes that the separation of Section 2384 of the 1897 Code into Sections 1929 and 1930 of the 1927 Code in no way changes the meaning of the legislation therein codified. Using that conclusion as a major premise, the appellant then reasons that the nuisance of which the defendant may be guilty under Section 1930 is limited to the nuisance which may be abated in Section 1929.

Manifestly, this is not correct. Section 1929 relates to the status of a building, erection, or place, while Section 1930 has to do with the person maintaining the building, erection, or place. A reversal of the arrangement of the subject-matter in the two Codes was made by the legislature: for, in the 1897 Code, that part of Section 2384 which is now contained in Section 1929 of the 1927 Code, as an investigation will disclose, followed the subject-matter now set forth in Section 1930 of the 1927 Code. So the declaration in the 1897 Code concerning the ''unlawful manufacture or sale or keeping with intent to sell, use or give away'' said liquors did not precede the subject-matter as it now does, under Sections 1929 and 1930 of the 1927 Code. The word ''herein,'' as used in the 1897 Code, could have no reasonable meaning if it did not refer to Section 2382 thereof, which contained the prohibition against the illegal use of intoxicating liquors. Such was the application given to the word ''herein'' by this court. *State v. Ohman,* 189 Iowa 992. Therein we said:

''Complaint is also made because, though the indictment is based upon Section 2384 of the [1897] Code, yet the court permitted the jury to consider the prohibition of [1897] Code Section 2382. It is enough to say that Section 2384 [of the 1897 Code] is predicated in large part upon the prohibition of Section 2382 [1897 Code]. * * * Under this Section 2384 [1897 Code], to maintain a building or place for the violation of the prohibition of Section 2382 [of the 1897 Code] is to maintain a nuisance.''

Consequently, an adoption of appellant's theory that Sections 1929 and 1930 of the 1927 Code should be interpreted as

Section 2384 of the 1897 Code would not assist him on this appeal. Our view of Section 2384 of the 1897 Code, as shown by the *Ohman* case, supra, is contrary to appellant's contention here in that regard. Moreover, it is apparent that Section 1930 of the 1927 Code refers to all previous prohibitions in Chapter 94, including Section 1924, the same as Section 2384 referred back to Section 2382 in the 1897 Code. Under Section 1924, it is an offense unlawfully to possess intoxicating liquors. *State v. Bamsey*, 208 Iowa 796; *State v. Wareham*, 205 Iowa 604; *State v. Boever*, 203 Iowa 86.

Resultantly, "whoever shall erect, establish, continue, or use any building, erection, or place" for such purpose shall be "guilty of a nuisance," as declared in Section 1930. The word "herein," used in said Section 1930, requires that the prohibition in Section 1924 shall be read into said Section 1930. *State v. Ohman* (189 Iowa 992), supra. Appellant's argument, therefore, that no offense has been charged and proven, is not well founded.

III. Nevertheless, the appellant further asserts that there should be a reversal because the district court wrongfully admitted in evidence a search warrant proceeding, wherein the intoxicating liquors in question were "finally adjudicated and declared forfeited by the court." This evidence was admitted by the district court on the theory that the adjudication and forfeiture aforesaid were "prima-facie evidence of [appellant's] maintaining a nuisance." Contained in Section 1966-a1 of the 1927 Code is the following:

"In all actions, prosecutions and proceedings, criminal or civil, under the provisions of this title, the finding of intoxicating liquors or of instruments or utensils used in the manufacture of intoxicating liquors, or materials which are being used, or are intended to be used in the manufacture of intoxicating liquors, in the possession of or under the control of any person, under and by authority of a search warrant or other process of law, and which shall have been finally adjudicated and declared forfeited by the court, shall be prima-facie evidence, in any action, criminal or civil, of maintaining a nuisance or bootlegging, or of illegal transportation of intoxicating liquors, as the case may be, by such person."

Legal justification, if any there was, for the possession of such intoxicating liquors properly could have been shown by the appellant under Section 1966-a2 of the 1927 Code.

Four objections are interposed by the appellant against the introduction of the foregoing evidence. They will be discussed in the following order:

First: To begin with, appellant declares that the magistrate issuing the search warrant did not have jurisdiction, because the information therefor was signed upon belief alone, which furnished no basis for probable cause. Section 1970 of the 1927 Code reads:

"Said magistrate [the one before whom the information is filed] shall, upon finding that complainant has probable cause for the belief set forth in said information, issue his warrant of search."

No evidence of such probable cause, appellant urges, was contained in the information or the proceedings leading up to the issuance of the warrant. According to the record, the magistrate relied not only upon the information, but upon an examination of the informant who signed the information, as well. Upon previous occasions we have discussed this subject. A review of the opinions involved will elucidate at this juncture. During the discussion in *Burtch v. Zeuch*, 200 Iowa 49, on page 54, we said:

"It is the quite universal holding of the courts of last resort of the several states of the American Union, and of the Federal courts of the United States, that an information based upon mere belief and unsupported by sworn facts is not a basis for the issuance of a legal search warrant. The application for such a warrant is an ex-parte proceeding, and is in derogation of personal liberty; and the applicant must be one having knowledge of the facts, which must be 'supported by oath or affirmation.' *This does not mean that the probable cause to which reference is made in Constitution and statute must be shown in the information itself. It may be shown in an affidavit attached thereto, or on sworn testimony taken before the magistrate prior to the issuance of the warrant.*" (The italics are ours.)

Farther on in the *Burtch* case, on page 55, we stated:

"The information and warrant were *prima facie* valid. We

will not presume that the issuing magistrate failed to respect constitutional and statutory provisions. On the contrary, we recognize the presumption that sworn public officials, in the performance of their duties, have legally acted, in the absence of evidence to the contrary. The law presumes the regularity of official acts; and, the information being *prima facie* valid, we must hold that the warrant issued in conformity to law.''

Concluding in the *Burtch* case, we declared, on pages 55 and 56:

''A statute must be tested, not by what has been done under it, but by what the law authorizes to be done by virtue of its provisions. Sufficient to state, in answer to the contention of appellant, that it is not necessary, to make the information admissible as an item of evidence, that probable cause should be shown on its face; and that we will not presume that the magistrate issued the warrant thereon without a showing of probable cause, as defined by law.''

Here, too, the information was regular on its face, and the magistrate, not being content to rely thereon alone, examined the informant orally before the warrant was issued. There is no affirmative showing on appellant's part that the magistrate did not issue the warrant on probable cause. In compliance with the governing rules of law, we must presume that the magistrate did his duty, as required by statute. Our conclusion in this case, therefore, must be that the warrant was issued on probable cause. *State v. Friend,* 206 Iowa 615. So far as this particular complaint is concerned, therefore, the search warrant proceedings were properly admitted into the record.

Second: Insistence is made by appellant that the search warrant's return was on a date too late to justify further proceedings. That point becomes material under the provisions of Section 1972 of the 1927 Code, which authorizes the following procedure:

''Said magistrate [the one who issued the search warrant], in the event of a seizure under said warrant, shall, within forty-

eight hours after the officer's return is filed with him, issue a notice of hearing on said seizure, * * *''

All subsequent proceedings, after the return made in the case at bar, were illegal, appellant declares, because more than 48 hours elapsed before the foregoing notice was served. A controversy at this point arises between the appellant and the State concerning when the return was made. It is claimed by the State that such return was made on Monday, November the 18th, following the raid under the search warrant; while appellant contends that the officer made the return. Saturday night, November 16th. Notice for condemnation, under Section 1972, supra, was issued by the magistrate on November 19th. Therefore, if the return was made on the 16th, more than 48 hours elapsed; while, on the other hand, if such return was made on the 18th, the 48 hours did not expire before the notice was issued. Thus the facts are in dispute. We are assuming in this discussion, without deciding, that the requirement for the return within 48 hours is mandatory, rather than directory.

Disposition was made of the controversy in the court below by submitting the conflicting claims to the jury. On the one hand, oral testimony only supports the State's position; while, on the other, the evidence tending to sustain the appellant is a transcript of the record filed by the presiding magistrate in the office of the district court clerk. Because of the ''best evidence rule,'' appellant says the oral testimony should be excluded. Whether the transcript of the magistrate's record constitutes ''the best evidence,'' under the aforesaid rule, we need not now determine, because the record does not require our so doing. See, however, *State v. Collins*, 28 R. I. 439 (67 Atl. 796).

At the outset, appellant himself brought forth the oral evidence concerning the date of making the return. Apparently the return on the search warrant itself had been torn off by someone, and the officer who made it was interrogated by appellant concerning the time the return in fact was made. Such officer said that return was made on Monday, November 18th. Thereafter the magistrate testified, over appellant's objection, to the same effect. While the magistrate was on the witness stand, the transcript aforesaid was introduced in evidence by the appellant. However, the district court permitted the magistrate to say that

the date in the transcript was erroneous, and the return was made November 18th, on the theory that the appellant himself had offered oral testimony upon the same subject-matter.

We are not called upon now to determine the correctness or incorrectness of the trial court's ruling on the proposition, for the reason that the appellant does not ask a reversal because thereof. (But see *Boice v. Coffeen,* 158 Iowa 705; *Phenix Ins. Co. v. Jacobs,* 23 Ind. App. 509 [55 N. E. 778]; *Gulf, C. & S. F. R. Co. v. Leatherwood & Ferguson,* 29 Tex. Civ. App. 507 [69 S. W. 119].) This complaint is not set forth in appellant's reasons for reversal, nor does he mention it in his brief points. Consideration, therefore, cannot be given to the alleged error. *State v. Briggs,* 207 Iowa 221; *State v. Dillard,* 207 Iowa 831; *State v. Gill,* 202 Iowa 242. As a result, the record must stand, including both the oral testimony and the written transcript. The magistrate said that the transcript did not correctly state the date of the return. Under the state of the record, therefore, it was for the jury to pass upon the facts and determine the true date of the return. They, in effect, found that the return was made on the 18th, rather than the 16th, and the appellant is bound by the result. With the fact established that the return was made on the 18th, the condemnation proceedings were properly had, under the statute. Then, so far as this particular point is concerned, the search warrant was properly admitted in evidence.

Third: Continuing his argument against the admission of the search warrant proceedings into the evidence, appellant declares that, under Section 1966-a1, he, in effect, is required to testify against himself.

An inference, it is true, may be drawn under the facts stated in said section. Fundamental requirements for the inference in the case at bar are: First, that the liquor was found in appellant's possession, and, second, that it was condemned after due notice to him. This inference has some analogy to the one which may be drawn in a. larceny case when the defendant has the recent possession of stolen property. What the situation might be under other facts, we do not now determine; for, under the record in this case, the inference is so connected with events that it was justifiable. Constitutional guaranties are not denied. Not only was the liquor in appellant's

possession, but it was also in a building the erection, establishment, continuance, or use of which would constitute a nuisance, under Section 1930 of the 1927 Code. Plainly, therefore, under the statute, appellant is not in any way required to testify against himself, but a fair inference can be drawn from his own acts and conduct, proven by other witnesses.

Fourth: Finally, appellant excepts to the introduction into the evidence of the search warrant proceedings. His thought is that there is no question for the jury relating thereto, but that the court is to decide all matters concerning the existence of such proceeding, and instruct the jury accordingly. Questions of fact regarding the steps in the proceeding were disputed, and manifestly the jury were properly called upon to decide the controversy. Furthermore, we have previously decided that the search warrant proceedings may properly be submitted to the jury for the purposes of Section 1966-a1, supra. *State v. McGee* (207 Iowa 334), supra.

We have carefully read the record and considered all of appellant's propositions, and find that he had a fair trial, and there is no ground for reversal.

Wherefore, the judgment of the district court should be, and hereby is, affirmed.—*Affirmed.*

MORLING, C. J., and EVANS, FAVILLE, and GRIMM, JJ., concur.