# IN THE COURT OF APPEALS OF IOWA

No. 19-1376
Filed July 21, 2021

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**ANTHONY BRIAN NICHOLSON,**
          Defendant-Appellant.
_____

          Appeal from the Iowa District Court for Scott County, Nancy S. Tabor, Thomas Reidel, and Mark R. Fowler, Judges.


          Defendant appeals his convictions in three criminal cases.  **AFFIRMED.**


          Thomas Hurd of Law Office of Thomas Hurd LLP, Des Moines, for appellant.

          Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.


          Considered by Bower, C.J., May, J., and Danilson, S.J.*  Tabor, J., takes no part.

          *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**DANILSON, Senior Judge.**

Anthony Nicholson appeals his convictions in three criminal cases. We find there is substantial evidence to support Nicholson's convictions of possession of marijuana, failure to appear, and third-degree arson. We affirm his convictions in each of the three cases.

## I.      FECR387876

On October 7, 2017, Officer Benjamin Blaser of the Davenport Police Department received a report of a suspicious vehicle parked in a backyard. He found Nicholson sleeping or slumped over in the driver's seat of the vehicle, which had the headlights on. Officer Blaser knocked on the window, and Nicholson woke up. He was sweating and had bloodshot, watery eyes. Officer Blaser testified that it is common for a person who smoked marijuana to have red, bloodshot eyes. He stated that people can sweat when they ingest drugs.

Nicholson admitted smoking marijuana within the vehicle. Officer Blaser observed a marijuana blunt or roach on the center console of the vehicle.[1] He also smelled raw marijuana. Three small plastic bags containing a green, leafy substance were found within the center console. Nicholson was not the owner of the vehicle.

Nicholson was charged with possession of methamphetamine, third or subsequent offence, in violation of Iowa Code section 124.401(5) (2017), a class

---

[1] The marijuana roach was the small end of a marijuana blunt after it had been smoked. Officer Blaser testified it was very small. It was not collected by the officers.

"D" felony,[2] and possession of marijuana, third or subsequent offense, in violation of section 124.401(5), a class "D" felony. A jury found him guilty of both charges. Nicholson stipulated to the prior offenses in violation of Iowa Code section 124.401(5) and to the sentencing enhancement as a habitual offender pursuant to Iowa Code section 902.8 and 902.9. Accordingly, he was sentenced as an habitual offender to a term of imprisonment not to exceed fifteen years on each count, to be served concurrently, but consecutively to charges in other cases. Nicholson appeals only his conviction of possession of marijuana.

Nicholson claims the district court should have granted his motion for judgment of acquittal on the charge of possession of marijuana because there was insufficient evidence to show he was in possession of marijuana. He states the evidence does not show he had constructive possession of the three small plastic bags of marijuana found inside the center console of the vehicle. Nicholson points out that he was not the owner of the vehicle.

The district court's ruling on a motion for judgment of acquittal will be affirmed if there is substantial evidence in the record to support the defendant's conviction. *State v. Shorter*, 893 N.W.2d 65, 70 (Iowa 2017). "We view the evidence in the light most favorable to the State, 'including legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *State v. Donahue*, 957 N.W.2d 1, 7 (Iowa 2021) (citation omitted). Evidence is substantial when it "would convince a rational fact finder the defendant

---

[2] A small plastic bag of methamphetamine was found in Nicholson's pocket. The methamphetamine charge is not challenged on appeal.

is guilty beyond a reasonable doubt." *State v. Kelso-Christy*, 911 N.W.2d 663, 666 (Iowa 2018).

The State may show a defendant has actual or constructive possession of a controlled substance. *State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014). Rather than focus on the issue of whether Nicholson had constructive possession of the three small plastic bags of marijuana found in the center console of the vehicle, we proceed to look at the issue of whether he had actual possession of the marijuana roach found on the center console.

"[A]ctual possession requires the contraband to be found on the defendant's person." *Id.* "Elsewhere, we have said that an individual has actual possession when the contraband is found on his or her person *or* when substantial evidence supports a finding it was on his or her person 'at one time.'" *Id.* (citation omitted). In other words, "[a]ctual possession may be shown by direct or circumstantial evidence." *Id.* (citing *State v. Vance*, 790 N.W.2d 775, 784 (Iowa 2010)).

Nicholson confessed he smoked marijuana in the vehicle.[3] "[A] confession standing alone will not warrant a criminal conviction unless other proof shows the defendant committed the crime." *Polly*, 657 N.W.2d at 466. Here, Nicholson's confession was supported by the marijuana roach found in the center console of the vehicle. The jury could find Officer Blaser was credible in his testimony there was a marijuana roach, although the roach was not taken into evidence. As noted, Officer Blaser explained the marijuana roach is the burned part or residue of the marijuana that had been smoked. Also, there was evidence Nicholson's

---

[3] In general, confessions and admissions are treated the same. *Polly*, 657 N.W.2d at 466 n.1.

bloodshot, watery eyes and the fact he was sweating could have been caused by smoking marijuana. Additionally, there was an odor of fresh marijuana coming from the vehicle. The fact three small plastic bags of marijuana were found in the vehicle supports a finding that the roach observed by the officer contained marijuana. Nicholson could not have smoked marijuana in the vehicle if he did not possess it. *See State v. Hayer*, No. 17-1951, 2019 WL 1056745, at *4 (Iowa Ct. App. Mar. 6, 2019).

We conclude Nicholson's conviction of possession of marijuana is supported by substantial evidence. We affirm his conviction of possession of marijuana.

## II.    FECR399771

In the proceedings for FECR387876 discussed above, the order on initial appearance entered by the court on October 8, 2017, ordered Nicholson to be released upon posting $5000 cash or surety. The order stated that further proceedings were scheduled for October 10, 2017, and stated that if Nicholson was not in custody, he must appear. Nicholson posted bond and was released prior to trial.

The pretrial release report gave an address on South Michigan Avenue for Nicholson. Nicholson's financial affidavit gave a different address. The written arraignment again listed the South Michigan Avenue address. Nicholson signed the written arraignment under penalty of perjury.

An order for pretrial conference, filed on November 16, 2017, informed Nicholson he was required to be present for all future appearances and a failure to appear could result in the issuance of a warrant for his arrest and modification

of the conditions of his release. Nicholson was present for this pretrial conference. Another pretrial conference was scheduled for December 8, and trial was scheduled for December 18.

Nicholson appeared for the pretrial conference on December 8. An order filed that day scheduled a final pretrial conference on March 7, 2018, and trial on March 12. The order stated Nicholson "shall appear at that time" for the pretrial conference and trial. Nicholson signed a record of pretrial conference, which stated the trial date.

Nicholson's attorney sent him a letter on December 12, 2017, informing him of upcoming court dates. The letter stated, "You will need to be personally present on all of these dates." The letter was sent to the South Michigan Avenue address. The letter was never returned to the attorney. The attorney talked to Nicholson at a status hearing on January 2, 2018.

Nicholson did not appear for the final pretrial conference on March 7. A bench warrant was issued for his arrest. Nicholson was arrested almost a year later on February 25, 2019. In FECR399771, Nicholson was charged with failure to appear, in violation of Iowa Code section 811.2(8) (2018). The State alleged he was a habitual offender.

Detective Patrick Sievert of the Davenport Police Department testified the South Michigan Avenue address was associated with Nicholson. A jury found Nicholson guilty of failure to appear. He stipulated he was a habitual offender. Nicholson was sentenced to a term of imprisonment not to exceed fifteen years, to be served consecutively to the sentence in FECR387876 but concurrent to his sentence on a charge of arson in FECR397014. Nicholson appeals his conviction.

Nicholson claims there is not sufficient evidence in the record to show he willfully failed to appear for the final pretrial conference on March 7, 2018. He states he was never advised that a failure to appear would trigger the penalties set out in section 811.2(8).

Section 811.2(5) provides:

> A magistrate authorizing the release of a defendant under this section shall issue a written order containing a statement of the conditions imposed if any, shall inform the defendant of the penalties applicable to violation of the conditions of release and shall advise the defendant that a warrant for the defendant's arrest will be issued immediately upon such violation.

Also, the relevant part of section 811.2(8) provides:

> Any person who, having been released pursuant to this section, willfully fails to appear before any court or magistrate as required shall, in addition to the forfeiture of any security given or pledged for the person's release, if the person was released in connection with a charge which constitutes a felony, or while awaiting sentence or pending appeal after conviction of any public offense, be guilty of a class "D" felony.

"A person who willfully fails to appear before a court is guilty of a class "D" felony if the underlying crime is a felony." *State v. Bartlett*, No. 02-2064, 2003 WL 21543874, at *2 (Iowa Ct. App. July 10, 2003). The State must show the defendant's conduct is willful. *State v. Murillo*, No. 16-1044, 2018 WL 1433716, at *1 (Iowa Ct. App. Mar. 21, 2018). "To establish willfulness, there has to be evidence that [the defendant] was sent a copy of the order requiring his appearance or was otherwise informed or had knowledge of the order's contents." *Id.* at *2. Evidence that an attorney had a habit or routine to send such notices to clients is sufficient to show a defendant was notified of court dates. *See State v. Williams*, 445 N.W.2d 408, 411 (Iowa Ct. App. 1989).

Nicholson has not presented any legal authority to support his claim that a defendant must be informed of the penalties for failure to appear in order to be convicted of failure to appear. The term "willfully" "means a voluntary and intentional violation of a known legal duty." *State v. Azneer*, 526 N.W.2d 298, 300 (Iowa 1995). This definition does not encompass knowing the penalties for violating a known legal duty. Also, while section 811.2(5) imposes a duty upon the court to "inform the defendant of the penalties applicable to violation of the conditions of release," the statute does not provide a defendant a defense if the defendant is not informed of the penalties in accordance with section 811.2(5).[4] Thus, we believe evidence of the defendant's knowledge of the penalties may only aid in establishing willfulness and is not mandatory to support a conviction for failure to appear in violation of section 811.2(8).

The State established willfulness by showing Nicholson "was sent a copy of the order requiring his appearance or was otherwise informed or had knowledge

---

[4] The record does not show what Nicholson was told by the court at the time of his pretrial release. Nicholson's attorney was not present at the time of the release, and Nicholson did not testify. Therefore, the record does not show if Nicholson was informed of the penalties for failure to appear at the time he was released. However, there is no affirmative showing that the magistrate did not perform the duty and without such a showing, we presume the magistrate did perform the duty. *See State v. Bruns*, 232 N.W. 684, 688 (Iowa 1930) (concluding a magistrate must have concluded there was probable cause to issue a warrant). Also, in *Battani v. Grund*, the Iowa Supreme Court stated:

> We will not presume that the issuing magistrate failed to respect constitutional and statutory provisions. On the contrary, we recognize the presumption that sworn public officials in the performance of their duties have legally acted in the absence of evidence to the contrary. The law presumes the regularity of official acts, . . . .

56 N.W.2d 166, 171 (Iowa 1952) (quoting *Burtch v. Zeuch*, 202 N.W. 542, 544 (Iowa 1925)).

of the order's contents." *See Murillo*, 2018 WL 1433716, at *2. He was also fully aware of the felony criminal court proceedings and absented himself for nearly a year before he was apprehended. We conclude there is sufficient evidence in the record to support Nicholson's conviction for failure to appear under section 811.2(8).

Moreover, the jury instructions did not include any requirement that Nicholson had to know the penalties as an element of the offense, and Nicholson did not object to the instructions. Accordingly, the instructions became the law of the case for purposes of our review of sufficiency of the evidence. *State v. Canal*, 773 N.W.2d 528, 530 (Iowa 2009).

We conclude Nicholson's conviction of failure to appear is supported by substantial evidence. We affirm his conviction of failure to appear.

## III. FECR397014

On November 1, 2018, a woman called 911 and reported Nicholson had tried to start a fire outside her residence on South Michigan Avenue. The home was owned by T.F.'s parents, L.W. and R.W., and T.F. lived there with her children. T.F. stated Nicholson was upset because she was moving out of the home. Officers found a towel with burn marks in the yard. They believed Nicholson was driving away when they arrived. One officer tried to follow the vehicle but lost it.

The next day, November 2, officers received another report of a fire at the residence on South Michigan Avenue. When officers arrived, there was a pile of goods smoking and smoldering. L.W. was using a garden hose to put out the fire. The pile of items on fire included items of clothing belonging to T.F. The fire

marshal found the fire was intentionally set. No one saw Nicholson starting the fire on November 2.

The trial information alleged Nicholson committed arson in the third degree, in violation of section 712.4, on November 2, 2018.[5] The jury found Nicholson guilty of third-degree arson. He was sentenced to a term of imprisonment not to exceed two years, to be served concurrently with his sentence on the charge of failure to appear but consecutively to his sentence on the charge of possession of marijuana. Nicholson appeals his conviction of third-degree arson.

Nicholson claims the State did not present sufficient evidence to support his conviction of arson. He asserts there is insufficient evidence to show he was the person who started the fire on November 2. He states there is no evidence linking him to the scene of the fire.

The offense of arson is defined as

> Causing a fire or explosion, or placing any burning or combustible material, or any incendiary or explosive device or material, in or near any property with the intent to destroy or damage such property, or with the knowledge that such property will probably be destroyed or damaged, is arson, whether or not any such property is actually destroyed or damaged.

Iowa Code § 712.1(1).

Direct and circumstantial evidence are equally probative. *State v. Ernst*, 954 N.W.2d 50, 57 (Iowa 2021). The jury could find Nicholson was the person who caused a fire at T.F.'s residence on November 2 based on circumstantial evidence. T.F. observed Nicholson setting a fire at the residence a day earlier, on

---

[5] Nicholson was also charged with possession of an incendiary or explosive device with intent, in violation of section 712.6(1). The district court granted the defendant's motion for directed verdict on this charge.

November 1. When officers arrived on that day, they found a towel with burn marks in the yard. T.F. told Sonny Alvarez, a lieutenant fire marshal, that Nicholson was upset because she was moving out of the home. The items burned on November 2 included T.F.'s clothing. L.W., who owned the home, stated she believed Nicholson started the fire. Nicholson later told Lieutenant Alvarez he was at the home on November 2 but denied starting the fire. Nicholson also stated he had a history of starting fires.

We conclude there is substantial evidence in the record to support Nicholson's conviction of third-degree arson. Although there was no eyewitness testimony to show Nicholson was the person who started the fire on November 2, there was sufficient circumstantial evidence to support his conviction. We affirm Nicholson's conviction for third-degree arson.

**AFFIRMED.**